WILLIAM WEEKS, PLAINTIFF IN ERROR, v. THE STATE
OF NEW JERSEY, DEFENDANT IN ERROR.

Submitted November 6 1924—Decided February 2, 1925.

1. Where there is a different and greater punishment imposed for
a second criminal offense, the offense is considered to be a first
offense, unless a former offense of the same kind is alleged in the
indictment and proved on the trial.
2. When an offender was convicted and sentenced by the court, and
a writ of error was then sued out, the trial court could not
thereafter vacate the sentence and impose a different one, in
view of the proviso to section 55 of the Criminal Procedure act,
as amended by *Pamph. L.* 1920, *p.* 402.
3. Where a judgment is reversed for error in the sentence imposed
by the trial court, which is merely technical in character, the
appellate court may exercise the option given it by section 144 of
the Criminal Procedure act, and itself impose sentence.

On error to the Atlantic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiff in error, *Walter Comer.*

For the defendant in error, *Louis A. Repetto.*

The opinion of the court was delivered by

PARKER, J. The plaintiff in error was arraigned in the
Atlantic Quarter Sessions on two indictments, each in three
counts; the first count charged the selling of liquor, the sec-
ond furnishing and the third of possessing it. There was
originally a plea of not guilty in each case, but on the 11th
day of November these pleas were changed to pleas of *non
vult contendere.* The case seems to have been continued until
March 12th, 1924, at which time the court imposed a sentence
of six months' imprisonment and $1,000 fine. The claim is
that this sentence was erroneous, because in case of a first
offense the punishment may be by a fine of not more than

$1,000 or by imprisonment for any term not exceeding six months. *Pamph. L.* 1922, *pp.* 615, 624, § 33. This, as we have said, was on March 12th. The present writ of error was sued out the following day, March 13th, 1924. The return showed that on the 14th day of March the court ordered that the original sentence be vacated, and that defendant be committed to the county jail for the term of six months. This action could only be taken under the act of 1920, page 402, which is an amendment of section 55 of the Criminal Procedure act of 1898. But counsel for plaintiff in error properly urges that the authority to revise the sentence in such cases exists only when no writ of error has been issued to review such judgment, which is the language of the proviso in this section. The writ of error, as we have seen, issued on the 13th, and, consequently, there was on the 14th no authority in the trial court to revise the sentence.

Where there is a different and greater punishment for a second offense, the settled law seems to be that an offense is considered a first offense unless a former offense of the same kind is alleged in the indictment and proved on the trial. The authorities for the plaintiff in error seem to support this view, and we are not favored with any argument or brief on the part of the state.

There was therefore error in imposing a sentence of a fine, plus imprisonment, and this error could not be cured by any action of the trial court in undertaking to revise and change this sentence because the writ of error had intervened. The result is that the judgment in this particular should be reversed, but this brings the case directly within the provisions of section 144 of the Criminal Procedure act of 1898 (*Comp., Stat., p.* 1867), which provides that "whenever a final judgment in any criminal case shall be reversed upon a writ of error on account of error in the sentence, the court in which such reversal was had may render such judgment therein as should have been rendered, or may remand the case for that purpose to the court before which the conviction was had." This section has been cited and acted upon in such recent cases as *State* v. *Carrigan,* 82 *N. J. L.* 225; *State* v.

*Huggins*, 84 *Id.* 254, 261; *State* v. *Jefferson*, 88 *Id.* 447, 450; *State* v. *Hendrick*, 91 *Id.* 336, 341; *State* v. *Verona*, 93 *Id.* 389, 392. It is therefore left to our option to send the case back for a re-sentence or render in this court such judgment as should have been rendered below. We see no reason under the circumstances of the case for sending the record back. The error of the trial court was purely technical, and we are content to adopt in this court the disposition that the trial court attempted to make of the case, viz., to impose the sentence of six months' imprisonment without the fine. The record will be retained here for this purpose, and the judgment below modified as just indicated.