THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LUTHER GARTON, PLAINTIFF IN ERROR.

Submitted November 9, 1925—Decided May 17, 1926.

1. Cross-examination of the defendant conducted without objection, and concerning which no motion was made to strike out the evidence elicited, will not lead to a reversal even under review by way of section 136 of the Criminal Procedure act. *Comp. Stat., p.* 1863.

2. On the trial of an indictment for the illegal sale of liquor the trial judge, on motion of the state, struck out the testimony of one Katz, a witness called by the state, given on cross-examination, to the effect that he had paid one Swift a stated sum for a stated quantity of liquor. Swift had previously testified to a sale by the defendant to Katz of a different quantity and for a different price. The defendant at the trial made no objection to the action of the trial judge in striking out the testimony, but on review by way of section 136 of the Criminal Procedure act, specifies such action as a cause for reversal, and contends that the evidence was competent as affecting the credibility of Swift— *Held*, that there being no apparent identity or connection between the sale described by Swift and the one mentioned by Katz, the action of the trial judge was not erroneous.

3. The indictment contained two counts. The first count charged the unlawful possession of liquor for beverage purposes, and the second the unlawful sale of liquor for beverage purposes, and the defendant was found guilty on both counts. In such case it is irregular in the court to pronounce a singe indiscriminate sentence conjointly for the two offenses; and, while the judgment will not be reversed if the punishment thus inflicted is not greater than the punishment provided for either of such misdemeanors, it will be reversed if the sentence imposed is greater than the punishment provided by law for either of such offenses. But when a reversal is required for that reason the reviewing court, under section 144 of the Criminal Procedure act, may render such judgment as should have been rendered, or may remand the case for that purpose to the court before which the conviction was had.

4. Where by the statute a second offense makes the accused liable to a different and greater punishment, the offense is considered a first offense, unless a former offense of the same kind is alleged in the indictment and proven.

On error to the Supreme Court, whose *per curiam* is reprinted in 3 *N. J. Mis. R.* 681.

For the plaintiff in error, *Rex A. Donnelly.*

For the defendant in error, *Thomas G. Tuso,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J.  Luther Garton was indicted by the grand jury of Cumberland county.  The indictment in the first count charged him with the unlawful possession of liquor for beverage purposes, and in the second count with the unlawful sale of liquor for beverage purposes.  He was found guilty on both counts, and the return discloses that the judgment of the Court of Quarter Sessions was "that the defendant be confined in the county jail for the term of six months and pay a fine of $500."  That judgment was affirmed by the Supreme Court, and this writ of error brings up for review the latter judgment.

It is argued here, as it was in the Supreme Court, that the offenses proved were not within the time alleged in the indictment.  But that argument is ill-founded in point of fact, as is also the contention that the verdict is against the weight of the evidence.

It is next contended that there was illegal evidence elicited during the cross-examination of the defendant.  But such cross-examination was conducted without objection, and no motion was made to strike out the evidence.  In such case there can be no reversal even under review by way of section 136 of the Criminal Procedure act (*Comp. Stat., p.* 1863), because no judicial action is involved.  *State* v. *Warady,* 77 *N. J. L.* 348; *affirmed,* 78 *Id.* 687; *State* v. *Sweet,* 81 *Id.* 250; *State* v. *Dragone,* 99 *Id.* 144; *State* v. *Mohr,* 2 *N. J. Mis. R.* 261; *affirmed,* 101 *N. J. L.* 230.

The next point specified for reversal is that the trial judge erred in striking out testimony on motion of the state.

It appears that the defendant at the trial made no objection and took no exception to such action of the trial judge.  But the action in striking out the evidence was a ruling by the trial judge "in the admission or rejection of testimony,"

which is reviewable under section 136 of the Criminal Procedure act without exception or objection to such ruling. If such ruling was erroneous, and if thereby the defendant suffered manifest wrong or injury, it would lead to a reversal. *Crim. Pro. Act,* § 136; *State* v. *Mosley, ante, p.* 94.

Considering now the question presented, we think that the judge did not err. The testimony stricken out was given by one Katz, a witness called by the state, on cross-examination, to the effect that on an occasion (time not fixed) he paid one Swift "a dollar for a pint and $2 for a quart" of liquor. Of course, it is not contended, either by the state or the defendant, that Swift was the agent of the defendant, nor that the defendant was bound in any way by his conduct. The contention of the defendant is that the testimony was competent as affecting the credibility of Swift, who was a witness, and had previously testified to a sale by the defendant to Katz and paid for by Katz. This contention is based upon the assumption that Swift had testified to or respecting the same sale that Katz spoke of in the answer that was stricken out. But that assumption is not well founded in fact. The only sale mentioned by Swift as *paid for by Katz* was a sale of *two quarts for $4,* and there is no apparent identity or connection between the sale described by Swift and the one mentioned by Katz, the sales being different in quantity and for a different price.

We have examined with care all the other points made by the plaintiff in error, but find no trial errors which, in our judgment, could have prejudiced the defendant in maintaining his defense upon the merits.

But there is error in this record in the sentence that was imposed by the Court of Quarter Sessions, which was "that the defendant be confined in the county jail for the term of six months and pay a fine of $500."

The indictment, as we have pointed out, contained two counts. The first count charged the unlawful possession of liquor for beverage purposes, and the second the unlawful sale of liquor for beverage purposes, and the defendant was

found guilty on both counts. In such case it is irregular in the court to pronounce a single indiscriminate sentence conjointly for the two offenses; and, while the judgment will not be reversed if the punishment thus inflicted is not greater than the punishment provided for either of such misdemeanors, it will be reversed if the sentence imposed is greater than the punishment provided by law for either of such offenses. *Stephens* v. *State,* 53 *N. J. L.* 245.

Now, the statute (*Pamph. L.* 1922, *p.* 624, *ch.* 255, § 33) provides that possessing liquor for beverage purposes, as charged in the first count, is punishable as a first offense by a fine of not more than $500, and that selling liquor for beverage purposes, as charged in the second count, is punishable as a first offense by a fine of not more than $1,000 *or* by imprisonment not exceeding six months. And it is apparent that this case must be treated as a first offense, because where, as in this statute, a second offense makes the accused liable to a different and greater punishment, the offense is considered a first offense, unless a former offense of the same kind is alleged in the indictment and proved on the trial (*Weeks* v. *State,* 101 *N. J. L.* 15), which is not this case.

It is seen, therefore, that the greatest punishment provided for either of the offenses in question is either $1,000 fine *or* imprisonment for six months, and not both a fine and imprisonment as was imposed.

But while we are required to reverse the judgment in question because of its erroneous character, this error is remedial under section 144 of the Criminal Procedure act, which provides that "whenever a final judgment in any criminal case shall be reversed upon a writ of error, on account of error in the sentence, the court, in which such reversal was had, may render such judgment therein as should have been rendered, or may remand the case for that purpose to the court before which the conviction was had." *State* v. *Jefferson,* 88 *N. J. L.* 447; *State* v. *Huggins,* 84 *Id.* 254.

Accordingly, this case is remanded to the Cumberland Quarter Sessions Court for the rendition of such judgment therein as should have been rendered.

*For affirmance*—None.

*For reversal*—TRENCHARD, MINTURN, KALISCH, BLACK, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 11.