On January 3, 1941, the above named defendant, Robert Stanley Weeks, having waived indictment and trial by jury, stood before the Somerset County Court of Special Sessions charged, on separate allegations, with the following crimes: (1) attempt to escape, (2) fornication and open lewdness, (3) grand larceny, and (4) assault with intent to kill. The defendant entered a plea ofnon vult with respect to the first of the above mentioned allegations and pleas of guilty to each of the remaining three allegations above named. On each of the first three allegations the defendant was sentenced to terms of not less than two and not more than three years in State's Prison, each of the sentences *Page 507 
to run concurrently with the sentence imposed on the fourth of the above named allegations. As to the fourth allegation, that charging the defendant with assault with intent to kill, the defendant was sentenced to a term of not more than 30 and not less than 30 years in State's Prison. In conformity with the foregoing sentences, the defendant was committed to the New Jersey State Prison at Trenton where he has since remained.
It appears from the memorandum of law filed herein on behalf of the defendant that some time prior to January 31, 1949, he applied to the Mercer County Court, Law Division, for a writ ofhabeas corpus and that judgment denying his application for such a writ was entered March 16, 1949.
The defendant has now filed a petition with this court, in which he alleges, in effect, that he was illegally sentenced to a term of not less than 30 and not more than 30 years on the fourth of the allegations above named for the reason that he had not been indicted either as a second, third or fourth offender nor had been notified that such a sentence would be imposed, and for the further reason that the sentence imposed exceeds the statutory maximum of 12 years as provided in R.S. 2:110-2, and fails to provide distinct minimum and maximum terms as required by R.S. 2:192-4. He prays that his sentence under the allegation charging him with assault with intent to kill be set aside in order that he may be resentenced in accordance with the provisions of Rule 2:7-13 of the new Rules of Criminal Practice.
An examination of the record gives no indication as to the reason or basis for the imposition of the sentence of not less than 30 and not more than 30 years in State's Prison. However, filed in the office of the clerk of the court with the allegation and marked as Exhibit "S-1" in the cause, is a certified copy of certain records in the office of the clerk of the Middlesex County Court of Quarter Sessions, which indicates that on December 23, 1932, the defendant, Robert S. Weeks, was convicted on his plea of guilty to an allegation charging him with breaking, entering and larceny, and on April 3, 1936, was further convicted on his pleas of guilty to two additional *Page 508 
allegations, each charging him with breaking, entering and larceny. It is assumed, therefore, that the then presiding Judge of the Somerset County Court of Special Sessions may have imposed the sentence of not less than 30 and not more than 30 years upon the defendant on the assumption that the provisions of P.L.
1940, c. 219, p. 888, par. 2, amending R.S. 2:103-9, authorized such a sentence. This amendment had then only very recently become effective November 19, 1940.
The allegation now under consideration and on the defendant's plea to which he was sentenced does not charge the defendant with the commission of any previous crimes either constituting high misdemeanors or otherwise. Assuming that the sentence now complained of was imposed by the court in reliance upon the provisions of R.S. 2:103-9, as amended (and there would seem to be no other basis for such a sentence), it appears that the sentence was illegal in that the defendant was not charged in any indictment or allegation with having been at least twice previously convicted of crimes constituting high misdemeanors under the laws of this State. Where there is a different and greater punishment for a subsequent offense, the settled law seems to be that an offense is considered a first offense unless the former offenses are not only proved on the trial, but also alleged in the indictment or allegation. Weeks v. State,101 N.J.L. 15 (Sup. Ct., February 2, 1925); State v. Garton,102 N.J.L. 318 (E. A., May 17, 1926); State v. Burns,135 N.J.L. 386 (Sup. Ct., April 2, 1947); 136 N.J.L. 601 (E. A., January 29, 1948); State v. Lutz, 135 N.J.L. 603, and cases cited at 605 (Sup. Ct., April 30, 1947).
Having reached the conclusion that the defendant's sentence was illegal for the reason hereinbefore stated, it becomes necessary to consider whether this court is now vested with authority to correct the illegal sentence. Rule 2:7-13 of the present Rules of Criminal Practice, which became effective on September 15, 1948, provides as follows:
"The court may correct an illegal sentence at any time. The court may reduce or change a sentence within 60 days from the date of the judgment of conviction." *Page 509 
Are there any limitations or restrictions on the authority vested in the court by the above mentioned Rule to correct an illegal sentence at any time?
In the foreword to the tentative draft of the new Rules Governing All of the Courts of New Jersey, the Chief Justice and associate Justices of the present Supreme Court stated: "The court is determined to avail itself, so far as practicable, of the Federal Rules of Civil Procedure and of Criminal Procedure." It is assumed, therefor, that it was the intention of the court to avail itself of the Federal Rules of Criminal Procedure as they had been interpreted, construed and applied by the federal courts, except in so far as the new State Court Rules may indicate a contrary intention. While there is no note indicating the source thereof under Rule 2:7-13 as contained in the Tentative Draft of the Rules, it is observed that the first sentence of this rule is identical with Rule 35 of the Federal Rules of Criminal Procedure which became effective March 21, 1946, 18 U.S.C.A. following section 687. The Notes of the Advisory Committee on Rules state that "The first sentence of the rule continues existing law." This, of course, refers to existing federal law. Counsel for the defendant has not referred the court to any such law existing in the State prior to the promulgation of the new rule, and independent research has failed to disclose any such existing state law, except in those limited instances mentioned in R.S. 2:190-15 and 16. The statutory provisions last referred to would not be available to the defendant in the case now under consideration. An examination of cases in the federal courts indicates that prior to the promulgation of Rule
35 of the Federal Rules of Criminal Procedure, there evolved, over a period of years and stated in numerous federal cases, the rule that the court which imposed an illegal sentence could correct the same even after the expiration of the term of court during which the sentence was originally imposed, and that the proper procedure in such case was an application to the court in which sentence was imposed to correct the illegal sentence.Holiday v. Johnston, 313 U.S. 342, 349 (June 2, 1941);Lockhart v. U.S., 136 Fed.2d 122 (6th Cir., June 4, 1943); *Page 510 U.S. v. Coy, 57 Fed. Supp. 661 (District Court, W.D., Ky.,
November 18, 1944); U.S. v. Bozza, 155 Fed.2d 592 (3rdCir., May 17, 1946); affirmed in part and reversed in part on other grounds, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818. See, also, the following cases decided subsequent to the promulgation of Rule 35 of the Federal Rules of Criminal Procedure: Gant v. U.S., 161 Fed.2d 793 (5th Cir., April 21, 1947); Peeler v. U.S., 163 Fed.2d 823 (10th Cir.,
October 13, 1947); Thornburg v. U.S., 164 Fed.2d 37 (10thCir., October 28, 1947); Ekberg v. U.S., 167 Fed.2d 380
(1st Cir., March 25, 1948); McIntosh v. Pescor,175 Fed.2d 95 (6th Cir., May 27, 1949); certiorari denied, March 7, 1949, 336 U.S. 926, 69 S.Ct. 645, 93 L.Ed. ___. It appears, however, that there may be some restriction or limitation on the jurisdiction of the court to correct an illegal sentence. InLockhart v. U.S., supra, it was indicated that the jurisdiction of the court was limited and that it could not, under an application to correct an illegal sentence, pass upon the petitioner's contention that his rights under the Sixth Amendment to the Constitution were violated in that he was never informed of the nature and cause of the accusation against him. This question it was held was determinable by habeas corpus and not by motion. In McIntosh v. Pescor, supra, it was held that although Rule 35 of the Rules of Criminal Procedure "permits the court to correct an illegal sentence at any time, the illegality referred to is apparently one disclosed by the record, such as a sentence in excess of the statutory provision, or in some other way contrary to the applicable statute" and that the court which imposed sentence would "not have jurisdiction after the expiration of the term at which the defendant was sentenced to determine whether or not the sentence is in violation of some constitutional right not put in issue in the case;" that "such issues dehors the record would seem to be properly presented byhabeas corpus proceedings." In that case the defendant contended that his sentence was illegal because, he alleged, that at the time of imposition thereof he lacked mental capacity. InCook v. U.S., 171 Fed.2d 567 (1st Cir., December 28, 1948), the *Page 511 
court stated: "A motion for correction of sentence under Rule
35 presupposes a valid conviction and affords a procedure for bringing an improper sentence into confirmity with the law. The short time limit upon motions in arrest of judgment, as provided in Rule 34, cannot be circumvented by a motion at any time after conviction for vacation of judgment and sentence on the ground of defects in the indictment upon the theory that such a motion is merely a motion to `correct an illegal sentence' underRule 35. The object of such a motion would be not to `correct' a sentence but to be relieved of it altogether."
On March 7, 1949, certiorari was denied by the United States Supreme Court in the Cook case. 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. ___.
For the purpose of the sentence here under consideration, the defendant Weeks appears to have stood before the court charged only with the commission of the crime of assault with intent to kill. Under our statute (R.S. 2:110-2), it is provided that "any person who shall commit an assault with intent to kill, * * * shall be guilty of a high misdemeanor, and punished by a fine not exceeding three thousand dollars or by imprisonment at hard labor not exceeding twelve years, or both." No legal justification has been found to warrant the sentence of not less than 30 and not more than 30 years in State's Prison, notwithstanding the fact that the defendant appears to have been previously convicted, on his plea of guilty, of three separate charges of breaking, entering and larceny in Middlesex County, and on his pleas of non vult and guilty, respectively, on charges of attempt to escape, fornication and open lewdness and grand larceny in Somerset County. With such a record, it is not difficult to understand the sentencing court's desire, in an effort to protect society against possible further criminal violations by the defendant, to remove him from society for a long period of time. Indeed this court would be extremely reluctant to participate in any modification of the defendant's sentence if any legal justification could be found for refusing to do so. However, no such legal justification has been found and the court is, therefore. *Page 512 
obliged to enter an appropriate order correcting the illegal sentence imposed upon the defendant.
This brings us to a consideration of what sentence may be legally imposed upon the defendant. It is undoubtedly the well settled law that a sentence once validly imposed cannot be increased after the defendant has entered upon the serving of his sentence. It appears also to be well settled that where an invalid sentence has been imposed the court is free to vacate the invalid sentence and to impose upon the defendant any sentence within the provisions of the statutes fixing the penalties for the crime for the commission of which the defendant has been convicted, even though such new sentence may, in effect, amount to an increase of the sentence attempted to be imposed by the prior invalid sentence. Murphy v. Massachusetts,177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711 (April 9, 1900); Bryant v.U.S., 214 Fed. 51 (8th Cir., March 16, 1914); King v.U.S., 98 Fed.2d 291; U.S. v. Bozza, supra; Ekberg v. U.S.,supra.
The defendant Weeks was sentenced by the Somerset County Court of Special Sessions to serve terms of not less than two and not more than three years each for the crimes of attempt to escape, fornication and open lewdness and grand larceny, each of such sentences to run concurrently with the sentence of not less than 30 and not more than 30 years attempted to be imposed for the crime of assault with intent to kill. Of necessity, therefore, the first three sentences must have been intended to run concurrently with each other. Since the invalid sentence on the fourth crime, assault with intent to kill, must be vacated upon the petitioner's request, his case will then stand upon trial and conviction without sentence, with jurisdiction in the court to impose a new sentence within the statutory provisions. Bryant v.U.S., supra.
The court will entertain an order vacating as invalid the sentence of not more than 30 and not less than 30 years attempted to be imposed upon the defendant on his conviction of the crime of assault with intent to kill on Allegation 2490A, and imposing upon the defendant a new sentence of not less than 11 years and not more than 12 years in State's Prison *Page 513 
at hard labor, to run consecutively to the sentences previously imposed upon the defendant upon his conviction of the crimes charged against him in Allegations 2490 (attempt to escape), 5324 (fornication and open lewdness) and 5335 (grand larceny), with credit to be allowed to the defendant for such time as he shall have served in the State's Prison beyond the time required to complete his serving of the concurrent sentences imposed upon him as a result of his conviction of the three crimes last referred to. An order may be submitted either by the defendant's attorney or by the prosecutor in conformity with the conclusions herein expressed.
The court does not wish to be understood as having ruled upon the defendant's contention that a sentencing court may not, in any case, impose upon a defendant a sentence having identical minimum and maximum terms. *Page 514