9 N.J. Super. 356 (1950)
74 A.2d 373
IN THE MATTER OF THE APPLICATION OF WILLIAM J. BRESLIN FOR A WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Mercer County Court Law Division.
Decided June 13, 1950.
*357 Mr. Ivan C. Bash of Trenton (Mr. Samuel Kagle of Philadelphia, associated), for petitioner.
Mr. Theodore D. Parsons, the Attorney General (Mr. Eugene T. Urbaniak, Deputy Attorney General), for respondent.
HUTCHINSON, J.C.C.
William J. Breslin, an inmate of the New Jersey State Prison, filed his petition for a writ of habeas corpus alleging his illegal detention by the Principal Keeper of that institution upon several grounds. The writ was allowed and the Principal Keeper made his return thereto, alleging his lawful detention in the New Jersey State Prison under an order of commitment of the Court of Quarter Sessions of the County of Essex dated April 18, 1945, made upon the conviction of the petitioner in that court of the crime of larceny and receiving stolen goods, upon which he was sentenced to a minimum term of five years and a maximum term of seven years in the New Jersey State Prison. The facts were presented to the court by a stipulation thereof on the return day of the writ, the full recital of which is not necessary for the determination of this issue.
Briefly, the history of this petitioner which leads up to the filing of his petition in chronological order is as follows: in 1928 he was convicted of breaking, entering and larceny in the State of Massachusetts, a crime which is a high misdemeanor under the laws of this State and for which he was sentenced to a term in a reformatory of the State of Massachusetts; *358 in 1940 he was convicted of burglary in the State of California, which crime is a high misdemeanor under the laws of this State, being comparable to breaking, entering and larceny, for which he was sentenced to the San Quentin Prison in California. On April 18, 1945, he was convicted in the Court of Quarter Sessions of Essex County in this State of grand larceny and was sentenced to the New Jersey State Prison for a minimum term of five years and a maximum term of seven years.
The sentence imposed by the Essex County Court of Quarter Sessions was merely the maximum sentence provided by law for the offense of which he was convicted in that court. His prior convictions were not alleged or proved in that court. Until he arrived at the New Jersey State Prison he was treated, insofar as the record discloses, as a first offender.
Upon his arrival at the New Jersey State Prison he was classified as a third offender under the provisions of R.S. 2:103-9, as amended L. 1940, c. 219, presumably because of certain information in the possession of the State Prison authorities, the source of which does not appear from the stipulation, and with which he was not confronted or charged, nor given an opportunity to be heard. As a result, he was denied the right to earn commutation time on this last sentence. There had been no commutation time earned and allowed under any previous sentence for an offense committed in this State for no such offense had been committed here.
It is admitted that petitioner's conduct while an inmate of the New Jersey State Prison was such that he would have earned the commutation time on this sentence provided for by R.S. 30:4-140, were it not for the fact that he was treated by the State Prison authorities as a third offender.
The action of the State Prison authorities in denying petitioner the right to earn commutation time on this last sentence amounted to the imposition of a heavier penalty than that provided by law for a first offense, and runs counter to the principles laid down in the decision in the case of State v. Lutz, 135 N.J.L. 603.
*359 The sentence itself was in all respects legal and proper. There is no statutory provision for any independent inquiry by the court or by the State Prison authorities as to previous convictions of crime. The usual practice, as indicated in State v. Lutz, supra, is to allege such convictions in the indictment and to prove same at the trial beyond a reasonable doubt.
While the facts in the Lutz case are quite dissimilar from those presented here, the principles laid down by the Supreme Court as to increased punishment, as distinguished from increased sentence, as a multiple offender, of one convicted of crime, without notice and an opportunity to be heard, are controlling here. As was said in State v. Lutz, supra, at pages 604 and 605 
"There is an aggravation of guilt in the repetition of criminal conduct that warrants the imposition of a heavier penalty when the malefactor is again convicted, if the legislative authority so wills; but it is essential to due process that there be an allegation in the indictment of the previous convictions upon which the enhancement of the punishment depends, and proof thereof upon the trial, or that there be a subsequent proceeding in which shall be determined the identity and status of the prisoner in this regard, and his liability to the increased penalty. Where a repetition of criminal action renders the accused liable to different and greater punishment, the subsequent offense is treated as a first offense, unless the earlier crimes are specified in the indictment and proved on the trial. State v. Garton, 102 N.J.L. 318; Weeks v. State, 101 N.J.L. 15; Graham v. State of West Virginia, 224 U.S. 616; 32 S.Ct. 583, 56 L.Ed. 917. The procedure must accord with the convict's fundamental right to be heard on notice as to his liability to the heavier penalty which may be inflicted only upon persistent offenders of the statutory category. Commonwealth of Pennsylvania ex rel. Sullivan v. Ashe, 302 U.S. 51; 58 S.Ct. 59, 82 L.Ed. 43. The usual practice is to allege the prior convictions in the indictment, and to submit the factual issue thereby arising to the jury; and this course is obligatory save where the statute makes other adequate provision for the inquiry, which is not the case here. The procedure has its roots in the fundamental common-law principle that in penal proceedings the accused shall be clearly informed of the charge which he is called upon to meet; and this of necessity includes a specification of the elements of aggravation which under the statute enlarges the grade of the crime by enhancing the punishment. People v. Sickles, 156 N.Y. 541, 51 N.E. 288; People v. Rosen, 208 N.Y. 169, 101 N.E. 855."
*360 It is suggested on behalf of the State that the petitioner now admits on this application his two prior convictions and that such admission now cures the omissions as to charge and notice above mentioned. This cannot be so, for the right to detain the petitioner rests upon the order of commitment itself, and the additional punishment provided by law as a result thereof, and incident thereto. The latter, imposed as it was by the State Prison authorities, violated the petitioner's rights to due process of law, as secured to him by the Fourteenth Amendment of the Constitution of the United States.
At no time was the petitioner clearly informed that he was to be classified as a third offender upon his arrival at the New Jersey State Prison because of his two previous convictions, nor was he given his fundamental right to be heard on notice as to his liability to the heavier penalty incurred thereby.
The action of the State Prison authorities in classifying the petitioner as a third offender and so depriving him of the right to earn commutation time on his sentence was clearly violative of his constitutional rights.
The petitioner has served his sentence, less the commutation time erroneously denied him. Let him be discharged from custody.