12 N.J. Super. 159 (1951)
79 A.2d 103
STATE OF NEW JERSEY, PLAINTIFF,
v.
JOSEPH TYSKA, DEFENDANT.
Superior Court of New Jersey, Somerset County Court Law Division.
Decided February 24, 1951.
*160 ARTHUR B. SMITH, J.C.C.
The defendant institutes this proceeding acting on his own behalf without the assistance of counsel. The moving papers, as might well be expected, are not skillfully prepared, although exhibiting a great deal of effort. It is suspicioned that the defendant may have had the assistance of some other fellow inmate of the State Prison of the type more or less commonly referred to as a "jailhouse lawyer." They do not exhibit any clear understanding on the part of their author of the legal problems involved in the questions attempted to be raised, but suggest a grasping at all straws in the hope that one might be of sufficient substance to either entirely release the defendant or substantially shorten the period of his incarceration. The moving papers are denominated "On Motion to Correct Criminal Conviction and Sentence." In the first paragraph thereof the defendant states "the present motion is to vacate the applicant's convictions and sentences and after trial to sentence the accused in accordance with the Rule of Criminal Practice Rules. Rule 2:7-13: `The court may correct an illegal sentence at any time.'" At various other points throughout the moving papers, which are a combination of application or motion, argument and memorandum of law, the defendant charges (1) that he "was pleaded and sentenced without the aid and advice of counsel and asks that the convictions and sentences be reversed for this reason"; (2) that a statement was obtained from one Lillian Taylor, allegedly in some one or more ways unlawfully, and that "the Prosecutor made use of this statement to intimidate me" and that the "statement caused me to plead guilty"; (3) that the defendant was detained for five days before being arraigned before a magistrate and that such "detention period and deferred arraignment constitute violations of 2:216-9, R.S. 1937" and were employed by the *161 law enforcement agencies to sufficiently impress the defendant through identification and oral statements of complainants and witnesses to induce him to enter a plea of guilty to the crimes alleged; (4) that a statement was obtained from the defendant by the assistant prosecutor illegally, he having been improperly influenced to make such statement by the statement made by Lillian Taylor and by the alleged illegal detention and deferred arraignment; (5) that the defendant during his period of alleged illegal detention was unlawfully "borrowed" by the police of the City of Newark from the police of the Borough of Bound Brook for a period of 50 hours and "while in the illegal custody of the Newark police the petitioner was questioned endlessly, seemingly identified by a dozen persons, threatened and roughed up"; (6) that during the month of July, 1946, while detained in the Somerset County jail, the defendant was visited by the assistant prosecutor who informed him "that cooperation on my part would be rewarded"; confronted the defendant with the statement alleged to have been unlawfully obtained from Lillian Taylor and after he "had drawn a dark picture of the nature of the evidence and had enlarged on the fact that I couldn't expect any clemency unless I cooperate, he suggested that I enter a plea of guilty to Two (2) charges of breaking and entering, receive a sentence of Three (3) to Five (5) years and he would drop the other charges. After ordeal (oral) assurance that he as the representative of the State of New Jersey would not make a promise unless it was legally enforceable, I agreed and gave him a statement. He assured me that the promise Three (3) to Five (5) years would be kept, and advised that a lawyer would be unnecessary"; (7) that the court and prosecutor failed to discharge their alleged duty by failing to apprise the defendant of his right to counsel and that the defendant did not waive his right to counsel.
The defendant now seeks (a) to withdraw his previous pleas; (b) "that there be an order issued vacating the judgments and sentences made in the issues under discussion, that a date be set and that there be a redetermination of these issues through process of trial."
*162 In the concluding paragraph of his moving papers the defendant asserts:
"In the Somerset County proceedings the Court unfamiliar with the unfair methods used by the Police and Prosecutor's Office and, that these were unaffected by the restraints of law in apprehensional, investigational, and prosecutional duties, condoned these methods and thereby created an injustice in permitting the defendant to enter a plea of guilty, and in sentencing the accused lent the sacredness of the Court's office to proceedings basically unfair."
The defendant also asserts in his moving papers that "the applicant made this motion upon the advice of Mercer County Court Judge Charles P. Hutchinson, the applicant having previously applied for release on a writ of habeas corpus."
On October 18, 1946, the defendant, having been indicted by the then current Somerset County grand jury under two separate indictments charging him with breaking, entering and larceny, entered pleas of guilty to each such indictment. The defendant was also indicted by the same grand jury on a charge of having attempted to escape from the Somerset County jail while there incarcerated awaiting the action of the grand jury on the breaking, entering and larceny charges. To this latter indictment the defendant, on the same date, entered a plea of not guilty. Subsequent to the return of these three indictments by the grand jury, the defendant was charged with again having attempted to escape from the county jail and an allegation with respect to this charge had been signed. On the same date the defendant entered a plea of not guilty to the charge of attempted escape preferred against him in the allegation, he having previously signed a waiver of indictment and trial by jury with respect thereto. In view of the two pleas of not guilty, sentence on the two guilty pleas was deferred.
On October 25, 1946, the defendant again appeared before the court and requested permission to withdraw his former pleas of not guilty to the indictment and allegation, respectively charging him with attempted escape on two separate occasions and to enter pleas of guilty to each thereof. This *163 permission was granted and pleas of guilty to both the indictment and the allegation were entered by the defendant. Sentence was thereupon imposed upon the defendant on all four of his pleas of guilty. The court's attention was directed, among other things, to the defendant's lengthy record of numerous violations. He was not charged with or indicted for being a habitual criminal and was not so sentenced. It appears from a stenographic transcript of the court proceedings on this date that before sentence was imposed the defendant was asked in open court whether he had anything to say in his own behalf and replied, "Nothing at all." The defendant's lengthy record of previous convictions was reviewed by the court and openly commented upon at some length in the presence of the defendant. The defendant was informed by the court that it was quite apparent from his record that he had no intention of ever establishing himself as a useful, worthwhile, law abiding citizen; that the court saw no hope of his rehabilitating himself nor anything about his record to suggest in any way that there should be any leniency accorded to him and was convinced that for the welfare of the people of the community and society in general it was the duty of the court to see to it that the defendant was confined for a sufficiently long period so that for as long as possible the defendant would not again be causing trouble to the people in the community. The defendant was sentenced to terms of not less than six nor more than seven years in the State Prison on each of the two indictments for breaking, entering and larceny and to terms of not less than two nor more than three years in State Prison each on the indictment and the allegation for attempted escape, and it was directed that these sentences run consecutively. The defendant did not at that time or at any time subsequent thereto, prior to the filing of the present application or motion, communicate to the court any alleged grievance with respect to his apprehension, detention, arraignment, sentence or any other matter.
There are in the files of the prosecutor's office two statements, each signed by the defendant, respectively dated July 25 and July 26, 1946, from which it appears that the defendant *164 was specifically informed that he was to speak voluntarily; that anything he said might be used against him in the event of trial or prosecution, and that no promise of leniency was held out to him.
It is obvious from the defendant's moving papers that he does not regard the present proceeding as an application for a writ of habeas corpus, having apparently previously unsuccessfully made application to one of the judges of the Mercer County Court for such a writ. In any event, since the defendant is detained outside of the County of Somerset, this court would have no jurisdiction to entertain an application for such a writ. In re Van Winkle, 3 N.J. 348 (1950). Although the defendant's present motion or application is to correct or vacate criminal conviction and sentence, apparently including therein an application for permission to withdraw his previous pleas of guilty in order that he might be tried upon the indictments and allegation and be again sentenced after trial, it is plain that he bases his claim to relief on the provisions of Rule 2:7-13 of the present Rules of Criminal Practice. The defendant's motion or application will, therefore, be disposed of strictly upon the basis of whether or not the relief sought can be granted by the court under the proper application of that rule. The rule provides as follows:
"The court may correct an illegal sentence at any time. The court may reduce or change a sentence within sixty days from the date of the judgment of conviction."
This court, in State v. Weeks, 5 N.J. Super. 505 (Cty. Ct. 1949); affirmed, 6 N.J. Super. 395 (App. Div. 1950), had occasion to consider under what circumstances the provisions of the rule were available to a defendant to obtain relief, pointing out the applicability of the decisions of the federal courts interpreting, construing and applying Rule 35 of the Federal Rules of Criminal Procedure (18 U.S.C.A.) after which our state rule was patterned. It was suggested in the opinion in the Weeks case that there were some restrictions or limitations on the jurisdiction of the court to correct an illegal sentence and some federal court decisions *165 were cited to indicate the nature of the restrictions or limitations. It is now pertinent to consider whether the defendant is entitled to relief under Rule 2:7-13 on any of the grounds set forth in his moving papers or whether the restrictions or limitations which should be applied to the application of that rule bar him from obtaining any relief on those grounds.
In Lockhart v. United States, 136 F.2d 122 (C.C.A. 6th 1943), which was treated as an application to correct an illegal sentence, appellant, among other things, contended that he was never informed of the nature and cause of the accusation against him, as required by the Sixth Amendment to the Constitution, and that instead of denying his motion, the court should have taken testimony and decided this issue. It was held that this would be quite a different procedure from that of correcting an erroneous sentence and that there was no merit in the contention.
In Cook v. United States, 171 F.2d 567 (C.C.A. 1st 1948), certiorari denied, 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088, it was said that a motion for correction of sentence under Federal Rule 35 presupposes a valid conviction and affords a procedure for bringing an improper sentence into conformity with the law and that a defendant could not circumvent the short time limit upon motions in arrest of judgment, as provided in Federal Rule 34, by a motion at any time after conviction for vacation of judgment and sentence on the ground of defects in the indictment upon the theory that such a motion is merely to "correct an illegal sentence" under Rule 35. The object of such a motion, said the court, would not be to "correct" a sentence but to be relieved of it altogether.
In McIntosh v. Pescor, 175 F.2d 95 (C.C.A. 6th 1949), certiorari denied, 336 U.S. 926, 69 S.Ct. 645, 93 L.Ed. 1087, it was determined that the illegality referred to in Federal Rule 35 authorizing the correcting of an illegal sentence is one disclosed by the record, such as a sentence in excess of statutory provision, or in some other way contrary to applicable statute, and that the court did not have jurisdiction to *166 determine whether the sentence was in violation of some constitutional right not put in issue in the case. It was also there held that the court in such a proceeding would not have the right to determine whether the sentence was invalid because of the defendant's alleged insanity at the time sentence was pronounced.
Our Superior Court, Appellate Division, in State v. Weeks, 6 N.J. Super, 395, 398, appears to have recognized that the application of Rule 2:7-13 was limited to those cases where the defendant sought the correction of a sentence which "was disclosed by the records to be illegal." The record in the instant case discloses no illegality in the sentence. The matters which the defendant now seeks to raise are completely outside the record. The defendant here does not seek simply the correction of an illegal sentence, but rather to have set aside the judgments of conviction based upon his own pleas of guilty. It is obvious that the rule upon which the defendant's application is based does not extend to the vacation of a judgment, in which event it would necessarily follow that the sentence be completely set aside and not merely corrected as contemplated by the rule.
This court is quite aware that the Federal Congress, by the provisions of 28 U.S.C.A., § 2255, substantially enlarged the jurisdiction which the federal courts could exercise under Federal Rule 35. Under this Act of Congress the federal court which imposed a sentence is now empowered to vacate, set aside or correct the sentence, on motion for such relief made at any time where a prisoner in custody under sentence of the court claims a right to be released upon any one or more of several grounds therein specified. However, this court is not aware that any similar statute has been adopted by the Legislature or rule promulgated by the Supreme Court of this State comparably enlarging the jurisdiction of the County Courts in cases where defendants have been convicted and sentenced by those courts.
For the reasons herein expressed, the defendant's motion or application is denied.