33 N.J. Super. 333 (1954)
110 A.2d 317
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LOUIS QUATRO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 22, 1954.
Decided December 17, 1954.
*334 Before Judges GOLDMANN, FREUND and SCHETTINO.
Mr. Charles V. Webb, Jr., Essex County Prosecutor, for the State (Mr. C. William Caruso, Legal Assistant Prosecutor, on the brief).
Mr. Louis Quatro, pro se.
GOLDMANN, S.J.A.D.
Defendant was tried and convicted on October 17, 1952 in the Essex County Court before a judge and Jury on nine indictments tried together by consent. Six of these charged defendant with the crime of breaking, entering, larceny and receiving (hereinafter referred to as B.E.L. & R.); another charged malicious burning; still another charged possession of burglars' tools; and the last charged breaking and entering (B. & E.). Following his conviction on all nine offenses defendant was charged by accusation with being a multiple (third) offender, to which charge he pleaded non vult.
*335 On October 31, 1952 the County Court judge imposed the following sentences, all terms to be served in the State Prison:

Indictment
 Number Crime Sentence
 291 B.E.L. & R. 10 to 14 years
 290 Malicious burning 10 to 14 years consecutive to 291
 254 Poss. burg. tools 1 to 3 years concurrent with 290
 255 B.E.L. & R. 10 to 14 years " " "
 257 B.E.L. & R. 5 to 7 years " " "
 289 B.E.L. & R. 2 to 7 years " " "
 292 B.E.L. & R. 5 to 7 years " " "
 293 B.E.L. & R. 2 to 7 years " " "
 256 B. & E. Sentence suspended
 255A Multiple offender

Thus, defendant was to serve two 10- to 14-year consecutive sentences, No. 290 being consecutive to No. 291 and all other sentences being concurrent with No. 290; sentence on No. 256 was suspended, and none was imposed for the multiple offender charge.
Defendant appealed in forma pauperis from all the judgments of conviction. This court determined that indictment No. 290, for malicious burning, was legally defective; it reversed the conviction thereunder and affirmed the judgments on all the others. State v. Quatro, 31 N.J. Super. 51 (App. Div. 1954). The consequent mandate, issued June 4, 1954, recited that
"* * * the judgment of conviction under the particular indictment identified in this appeal as No. 290 of the said Essex County Court, Law Division, is in all things reversed, set aside and for nothing holden, and the judgments of conviction on the remaining indictments are affirmed without costs; and it is further ordered that * * * the record and proceedings be remitted to the said Essex County Court, Law Division, to be there proceeded with in accordance with the rules and practice relating to that Court, consistent with the opinion of this Court."
Defendant was thereafter brought before the County Court on August 4 and 9, 1954, and after argument of counsel the court on August 9 reimposed the following sentences:

*336
Indictment
 Number Crime Sentence
 291 B.E.L. & R. 10 to 14 years
 290 (The invalid sentence) Set aside
 255 B.E.L. & R. 10 to 14 years concurrent with 291
 257 B.E.L. & R. 5 to 7 years consecutive to 291
 254 Poss. burg. tools 1 to 3 years concurrent with 257
 289 B.E.L. & R. 2 to 7 years " " "
 292 B.E.L. & R. 5 to 7 years " " "
 293 B.E.L. & R. 2 to 7 years " " "
 256 B. & E. Sentence suspended
 255A Multiple Offender

Credit was given for time already served.
We granted defendant's application to appeal in forma pauperis. He claims that the trial court "unlawfully resentenced, and changed the legally valid concurrent sentences [of October 31, 1952], to be consecutively served." His grounds for appeal would appear to be four: (1) the County Court had no jurisdiction to resentence, the term of court in which the original sentences were imposed having passed; (2) double jeopardy; (3) the resentencing was inconsistent with and contrary to the mandate of the Appellate Division; and (4) deprivation of due process of law. We find no merit in any of these contentions.
Originally, as indicated above, the six sentences imposed under indictments Nos. 254, 255, 257, 289, 292 and 293 were to be served concurrently with the sentence of 10 to 14 years imposed under No. 290. This court's nullification of the judgment of conviction under No. 290 left the other six sentences without support, since they were then neither concurrent with nor consecutive to any other legal sentence. The only other effective sentence left was the first one, No. 291, a 10- to 14-year term which defendant was then serving.
Defendant does not contend that the six sentences are in themselves improper; in fact, defense counsel voiced no serious objection in his argument before the County Court to its reimposition of those sentences. His argument and hope was that the court would order that they run concurrently with the sentence under indictment, No. 291.
*337 What lies at the heart of this appeal is defendant's disappointment with the court's determination that the sentence under indictment No. 257 (5 to 7 years), originally concurrent with the nullified sentence under No. 290, be consecutive to that under No. 291 then being served by defendant, the lesser sentences all to run concurrently with No. 257.
This is not a case where the court on its own motion or on application of the prosecutor undertook to substitute one pattern of prison sentences for another. Defendant had availed himself of his right to appeal and to have his original convictions reversed, if warranted. He was successful as to one indictment only, No. 290. The remaining judgments of conviction were affirmed. By his own action defendant made necessary the resentencing.
Several observations are in order. The trial court did not change the term of any sentence originally imposed. Nor did it increase any sentence or the total number of years defendant was to spend in State Prison. It should further be noted that at the time of resentencing defendant had served less than two years of the 10- to 14-year term imposed under the first indictment, No. 291. He had not yet started serving any of the other sentences here under consideration. Accordingly, the legal principles relating to change or increase of sentence after the term of court at which it was rendered, or after sentence partially executed, are without application. See, generally, 15 Am. Jur., Criminal Law, §§ 473, 474, pp. 128, 130; 24 C.J.S., Criminal Law, §§ 1589, 1590, pp. 118, 121. And see State v. Weeks, 5 N.J. Super. 505, 512 (Cty. Ct. 1949).
Before his first appeal defendant's sentences totalled 20 to 28 years, measured by two consecutive 10- to 14-year sentences. Indictment No. 290, later set aside, provided the second of these terms, but it should be remarked that No. 255, also a 10- to 14-year term, had the same effect. It was fortuitous that No. 290 was selected as the sentence with which No. 255 and all the others except the first were to be concurrent. Had No. 255 been chosen, and No. 290 made to run concurrently with it, defendant would not be here. *338 As a result of the resentencing the total of 20 to 28 years which defendant might have had to serve was reduced to 15 to 21 years  a not inappreciable gain for defendant.
What the County Court did here was consistent with the Appellate Division's mandate. All sentences but one having been left without support by the nullification of indictment No. 290, it became the duty of the trial court to fix the commencement of the terms of those sentences originally made concurrent with the invalid sentence. This it did.
Although State v. Weeks, 5 N.J. Super. 505 (Cty. Ct. 1949), affirmed 6 N.J. Super. 395 (App. Div. 1950), involved correction of an illegal sentence, the principle of the case is applicable here. Weeks had been sentenced to three terms of two to three years, each to run concurrently with a sentence of not more than 30 and not less than 30 years for assault to kill. Upon application for correction of the latter sentence, the trial court set it aside and imposed a 10- to 11-year sentence, to be served consecutively to the three concurrent two- to three-year sentences, and directed that Weeks be allowed credit for time served. On appeal this court upheld the sentence, observing that the County Court had substantially reduced the sentence and had not in any real sense increased its severity. As to the alleged change from concurrent to consecutive service of sentences, the court said:
"* * * the lower Court was obliged to consider, as it did, what sentence should have been imposed. Cf. R.S. 2:195A-13. In this connection it was called upon to determine not only the term of years but also whether it should be served consecutively to or concurrently with the two to three-year terms which had been validly imposed." (6 N.J. Super., at pages 399-400)
By reversing the judgment of conviction under indictment No. 290 this court erased part of the pattern of punishment and rehabilitation fixed by the County Court in its original sentences. Consequently, the trial court had to reconstitute the pattern in such a fashion as would best protect the interests of society and serve those of defendant. In *339 resentencing him the court had before it not only the list of offenses for which defendant then stood convicted but also his previous criminal record. We consider the resentencing to have been entirely fair and correct. The court closed the gap left by the setting aside, on defendant's own appeal, of the indictment for malicious burning, and gave a group of admittedly valid sentences a sequence and penal significance otherwise lost. There is no double jeopardy or denial of due process in this.
Affirmed.