88 N.J. Super. 510 (1965)
212 A.2d 849
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT
v.
RICHARD BOOKER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1965.
Decided July 1, 1965.
*511 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. Herbert C. Klein argued the cause for appellant (Mr. Philip S. Epstein, of counsel and on the brief; appellant pro se on the supplementary brief).
Mr. Archibald Kreiger, Assistant Prosecutor, argued the cause for respondent (Mr. John G. Thevos, Passaic County Prosecutor, attorney).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Defendant appeals from an order of the Law Division denying his petition for post-conviction relief.
On February 6, 1963 the grand jury of Passaic County returned two indictments against defendant charging unlawful possession and sale of narcotics (heroin). The first indictment (in two counts) charged unlawful sales on November 28 and December 31, 1962. The second contained a single count alleging unlawful possession on January 12, 1963. Defendant was arraigned on February 15, 1963 and entered pleas of not guilty to both indictments.
*512 Peter N. Perretti, Esquire, was assigned to represent defendant. He conferred with him in the Passaic County jail and conducted an investigation based upon information furnished by defendant. As the result of his investigation he recommended that defendant withdraw his prior plea to the first count of the indictment charging sale and enter a plea of guilty thereto. Defendant thereupon did so and completed and executed Form 13A. The other pending charges were dismissed on motion of the prosecutor.
Defendant came up for sentence on April 19, 1963. His record indicated a prior conviction for illegal sale of narcotics, for which he had been sentenced to from 8 to 12 years in State Prison. This was taken into consideration by the judge in sentencing him to his present term of from 8 to 10 years in State Prison.
On February 18, 1964 defendant submitted an application to be permitted to retract his previous plea of guilty. Supporting affidavits by himself and his brother, George Booker, were annexed. He thereafter completed and filed an application for post-conviction relief under R.R. 3:10A. In substance, he charged that he was not guilty and his plea of guilty had been induced by coercion and misrepresentation on the part of his assigned counsel.
A hearing on his application was held on May 28, 1964. Defendant appeared pro se and testified at length. Mr. Perretti, a member of the bar since 1919, also testified and submitted to a lengthy cross-examination by defendant. The judge  who had also been the sentencing judge  found no reason to disturb the conviction. Defendant thereupon filed this appeal, and present counsel was assigned to represent him.

* * *
The court here rejected as unfounded defendant's attacks upon the presentation of his case by his assigned counsel.

* * *
We turn, finally, to defendant's criticism of the procedure which was followed in imposing sentence upon him. In *513 essence, he contends that he should have been sentenced as a first offender, since the indictment made no mention of any prior conviction. As noted, he had been convicted in 1953, after a jury trial, for the unlawful sale of narcotics, and had been sentenced to a term of from 8 to 12 years in State Prison. The sentence here under appeal was that "You be sentenced to from 8 to 10 years in State Prison as a second offender for the sale of narcotics." While this point was not raised at the hearing, we consider it as plain error cognizable under R.R. 1:5-1(a).
Defendant was sentenced under N.J.S.A. 24:18-47, which became effective April 24, 1952, and provided, in part, as follows:
"Any person as in this chapter defined

* * * * * * * *
(b) Who violates any provision hereof shall be guilty of a high misdemeanor and shall be punished as follows:
(1) for each first offense, by a fine not exceeding two thousand dollars ($2,000.00) and by imprisonment, with hard labor, for a term not less than two years nor more than fifteen years;
(2) for each second offense, by a fine not exceeding five thousand dollars ($5,000.00) and by imprisonment, with hard labor, for a term of not less than five years nor more than twenty-five years."
It is to be noted that the sentence actually imposed was not in excess of the maximum prescribed for a first offender.
The Uniform Narcotic Drug Law, originally enacted as chapter 186 of the Laws of 1933, was carried over into the Revised Statutes as R.S. 24:18-1 et seq. Section 47 thereof designated any violation of the chapter as a high misdemeanor, the punishment for which would then have been a maximum of seven years' imprisonment. In 1951, and thereafter in 1952, section 47 was amended to provide the penalties hereinabove referred to.
Stripped to its essentials, it is defendant's contention that due process required that, where he was subject to being sentenced to a term greater than he might have received but for his prior conviction, he had the right to be heard thereon, citing *514 State v. Lutz, 135 N.J.L. 603 (Sup. Ct. 1947); Worbetz v. Goodman, 47 N.J. Super. 391 (App. Div. 1957).
We are in accord that defendant's sentence must be set aside and the case remanded for resentencing.
In State v. Lutz, supra, it was held:
"* * * Where a repetition of criminal action renders the accused liable to different and greater punishment, the subsequent offense is treated as a first offense, unless the earlier crimes are specified in the indictment and proved on the trial. State v. Garton, 102 N.J.L. 318; Weeks v. State, 101 N.J.L. 15; Graham v. State of West Virginia, 224 U.S. 616; 32 S.Ct. 583; 56 L.Ed. 917. The procedure must accord with the convict's fundamental right to be heard on notice as to his liability to the heavier penalty which may be inflicted only upon persistent offenders of the statutory category. Commonwealth of Pennsylvania ex rel. Sullivan v. Ashe, 302 U.S. 51, 58 S.Ct. 59, 82 L.Ed. 43. The usual practice is to allege the prior convictions in the indictment, and to submit the factual issue thereby arising to the jury; and this course is obligatory save where the statute makes other adequate provision for the inquiry, which is not the case here. The procedure has its roots in the fundamental common-law principle that in penal proceedings the accused shall be clearly informed of the charge which he is called upon to meet; and this of necessity includes a specification of the elements of aggravation which under the statute enlarges the grade of the crime by enhancing the punishment." (at p. 605; emphasis added)
More recently, in State v. Laird, 25 N.J. 298 (1957), it wes held:
"The basic rule is that where the repetition of criminal action renders the accused liable to different and greater punishment, the subsequent offense is treated as a first offense unless the earlier crimes are included in the specification of the offense laid and proved on the trial; the usual practice is to allege the prior convictions in the indictment and to submit the factual issue thereby arising to the jury; and this course is a sine qua non save where the statute makes other adequate provision for the inquiry. The procedure is rooted in the fundamental common-law principle that in penal proceedings the accused shall be clearly informed of the charge he is called upon to meet; and this of necessity involves the elements of aggravation which under the statute enlarged the grade of the crime by enhancing the punishment." (at p. 303, emphasis added)
At the time of the decision in State v. Lutz there was no statutory procedure provided for the sentencing of repeating *515 offenders. Such procedure was, however, set up by N.J.S. 2A:85-13, effective January 1, 1952. As amended by L. 1953, c. 166, p. 1427, § 4, it provides that:
"If at any time, before sentence, it shall appear that a person convicted of a misdemeanor or a high misdemeanor under the laws of this State has previously been convicted as set forth either in sections 2A:85-8, 2A:85-9 or 2A:85-12 of this Title, and it also appears to the court by whom such person is to be sentenced that the offenses resulting in such conviction are such as to warrant the imposition of a penalty greater than the maximum which may be imposed upon a person convicted of such misdemeanor or high misdemeanor who had not previously been convicted as aforesaid, then the court shall direct the prosecutor of the county in which such conviction was had to file an accusation accusing the said person of such previous convictions. Whereupon, the court in which such conviction was had, shall cause the said person to be brought before it and shall inform him of the allegations contained in such accusation and of his right to be tried as to the truth thereof, and shall require such person to plead to the accusation. If such person refuses to plead or remains silent or pleads not guilty, a not guilty plea shall be entered and a jury shall be impanelled to inquire whether said person is guilty as outlined in sections 2A:85-8, 2A:85-9 and 2A:85-12 of this Title, respectively.
If the jury finds said person guilty or if he pleads guilty or non vult, the court may sentence him to the punishment prescribed in sections 2A:85-8, 2A:85-9 and 2A:85-12, as the case may be.
The said person shall have the right to waive, in writing, the trial by jury provided in this section, and if he shall do so, the court, in its discretion, may accept the waiver and try and decide the issue without a jury, and if the said person is found guilty, the court may impose the same sentence as though said person had been found guilty by the jury."
Here, defendant was entitled, before sentence, to be given notice and afforded an opportunity to be heard as to the commission of any prior offense which was, by statute, made a precondition to punishment greater than he would have received as a first offender. Since the indictment failed to charge defendant as a prior offender, he was not liable to the enhanced penalty provided by N.J.S.A. 24:18-47(b) unless and until an accusation was filed charging him with the prior conviction, and he was afforded an opportunity to be heard thereon. Such was the procedure followed in State v. Taylor, 72 N.J. Super. 388 (Cty. Ct. 1962), where, following conviction *516 under the Uniform Narcotic Drug Law, an accusation was filed charging defendant with being a third time narcotics offender and seeking the enhanced penalty provided by N.J.S.A. 24:18-47(b).

* * *
The judgment of the Law Division denying defendant's application for post-conviction relief is accordingly modified to the extent that the conviction and the denial of leave to withdraw his previous plea of guilty and to substitute a plea of not guilty, are affirmed, but the sentence heretofore imposed is vacated and set aside and the case remanded for resentencing in accordance with the views expressed herein. At resentencing, consideration should be given to the fact that the statute provides for both fine and imprisonment. State v. Greene, 33 N.J. Super. 497 (App. Div. 1955).