15 N.J. Super. 377 (1951)
83 A.2d 455
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROOSEVELT CASH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 17, 1951.
Decided September 26, 1951.
*378 Before Judges McGEEHAN, JAYNE, and WM. J. BRENNAN, JR.
Mr. Roosevelt Cash, pro se.
Mr. Lewis P. Scott, County Prosecutor of Atlantic County, for the respondent.
PER CURIAM.
The defendant, an inmate of State Prison, appeals from a judgment of the Mercer County Court denying his application for a writ of habeas corpus.
The application was based on the alleged illegality of his further confinement in State Prison on 14 sentences imposed on September 26, 1946, by the Atlantic County Court of Quarter Sessions. The sole contention of the defendant is that he has served the maximum sentence imposed on September 26, 1946, because he was validly sentenced on that day on indictment 20204 for a minimum term of five years and a maximum term of seven years, and on 13 other indictments for minimum and maximum terms (none of which exceeded *379 seven years), all of which sentences were to run concurrently with the sentence on indictment 20204.
The stenographic transcript of the proceedings on September 26, 1946, shows that the defendant, with his attorney, appeared before the court for sentencing. After his attorney had made a plea for leniency, the judge sentenced the defendant on indictment 20204 to State Prison for a period of not less than five years nor more than seven years, on indictment 20206 for a period of not less than five years nor more than seven years, and on indictment 20195 for a period of not less than five years nor more than seven years; the judge then stated, "These sentences shall run concurrently and not consecutively"; continuing, he sentenced the defendant on indictments 20197, 20196, 20202, 20203, 20208, 20200, 20198, and on each of these indictments imposed a sentence of not less than one nor more than two years "to run consecutively with the former sentence"; the judge then stated, "I mean concurrently. I mean these should all be concurrent"; continuing, he imposed sentences on indictments 20207, 20199, 20201 and 20205, and on each of these indictments imposed a sentence of not less than one nor more than two years "to run concurrently with the former sentences"; and the judge concluded with the statement, "Sentence on indictments 20204, 20206 and 20195 not less than five or more than seven years. These sentences to run consecutively and not concurrently. All the rest of the sentences to run concurrently." No question about the sentences as finally imposed was raised by the defendant nor by his attorney.
The defendant argues that after the court had imposed sentences on indictments 20204, 20206 and 20195, providing that the sentences should run concurrently and not consecutively, it had no power to change such sentences so as to make them run consecutively and not concurrently, without first vacating the concurrent sentences imposed. The standard for sentences in criminal cases is that they should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them, but the *380 elimination of every possible doubt cannot be demanded. United States v. Daugherty, 269 U.S. 360, 70 L.Ed. 309 (1926); also cases annotated 70 A.L.R. 1511. There can be no question about the power of a judge, in pronouncing sentence, to correct a mere inadvertent error, even if the correction results in an increase in the punishment, when the correction is made, as here, before the judge leaves the bench and in the presence of the defendant and his attorney. In fact, the power to correct is much more extensive. Cf. Oxman v. United States, 148 F.2d 750, 159 A.L.R. 155 (8th Cir. 1945), cert. denied, 325 U.S. 887 (1945); and cases annotated 159 A.L.R. 161. When, as here, the judge, in the single process of sentencing, corrects a sentence, and the intent is revealed with fair certainty and excludes any serious misapprehensions by those who must execute the sentence, there is no re-sentence, and a failure specifically to vacate the sentence inadvertently imposed does not invalidate the sentence finally imposed. Cf. United States v. Daugherty, above.
The defendant next argues that the sentence finally imposed violated his constitutional right not to be placed in jeopardy twice for the same charge. Double jeopardy is in no way involved in this case, because there is only one sentence finally imposed in each indictment in one complete sentencing procedure. When a sentence is amended before execution has begun, the prisoner is not subjected by the amended sentence to any double jeopardy. Oxman v. United States, above; 15 Am. Jur., Crim. Law, § 465.
The next contention made is that we should construe the sentences so that they run concurrently. To support this contention, the defendant cites Fredericks v. Snook, 8 F.2d 966 (5th Cir. 1925) for the principle that, where the language of the sentence is too ambiguous to be otherwise construed, it will be construed as providing that the sentences shall run concurrently. We find no ambiguity in the sentence as finally imposed; therefore, there is no room for the application of this principle. The fact that neither the defendant nor his attorney raised any question about the *381 meaning or effect of the sentence as finally imposed, indicates that they were also without serious misapprehension thereof.
In passing, we observe that if we had adopted the contentions of the defendant as to the sentences on indictments 20204, 20206 and 20195, so as to find that they were to run concurrently, we would then have to find that the sentences imposed on indictments 20197, 20196, 20202, 20203, 20208, 20200 and 20198 were each to run consecutively, as first inadvertently imposed, rather than run concurrently, as they do under the sentence as finally imposed.
The judgment is affirmed.