23 N.J. Super. 143 (1952)
92 A.2d 641
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN PAYNE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 17, 1952.
Decided November 21, 1952.
*144 Before Judges McGEEHAN, BIGELOW and JAYNE.
Mr. John Payne, appellant pro se.
Mr. Edward Gaulkin, Essex County Prosecutor (Mr. C. William Caruso, Legal Assistant Prosecutor, of counsel and on the brief), for respondent.
PER CURIAM.
The defendant John Payne was indicted, tried and convicted for the crime of breaking and entering with intent to commit rape, and also as a second offender; and on May 12, 1948, he was sentenced to State Prison for a term of not less than 12 nor more than 24 years. In 1950 he made application for a writ of habeas corpus, based on a contention that R.S. 2:103-7, as amended by L. 1940, c. 219, § 1 (the "Habitual Criminal" statute), under which he was sentenced, is unconstitutional because it violates the due process clause and the equal protection of the law provision of the 14th Amendment to the Federal Constitution; the Mercer County Court denied the application, and we affirmed. State v. Payne, 17 N.J. Super. 561 (App. Div. 1951). On that appeal Payne, for the first time, advanced the contention that the sentence imposed upon him was illegal because the maximum legal sentence which could be imposed for the crime for which he was convicted was 14 years. Following a suggestion made by us, Payne made an application to the trial court, under Rule 2:7-13, for the correction of his sentence on the ground that it was illegal. On December 21, 1951, the trial court ordered the sentence theretofore imposed upon this defendant corrected to provide: "the defendant be imprisoned in the State Prison of this State for a minimum term of twelve years and a maximum term of fourteen years * * *; this sentence to *145 commence as of May 12, 1948, the date defendant was originally sentenced." In spite of the fact that it is conceded, as it must be, that the sentence as corrected on December 21, 1951 is a legal sentence for the crime for which the defendant was indicted, tried and convicted, the defendant made another application to the trial court "for correction and reduction of sentence." The trial court denied this application on May 1, 1952, and the defendant appeals from this denial.
The entire argument now advanced by the defendant is based on the premise that he never was sentenced at any time for the crime for which he was indicted, tried and convicted. The premise is false. Because the original sentence imposed was for a maximum term of 24 years, and such a maximum term would have been a legal sentence for the crime of assault with intent to commit rape (R.S. 2:110-2), the defendant now argues that the trial court, on May 12, 1948, "apparently" sentenced him for that crime rather than the crime for which he was convicted. Aside from the fact that there is nothing in the record to support the fact relied on, the transcript of the minutes of the Essex County Court of Quarter Sessions (included in the defendant's appendix) sets forth that the sentence imposed on May 12, 1948 was for the crime for which he had been convicted; namely, breaking and entering with intent to commit rape. Cf. State v. Noel, 102 N.J.L. 659 (E. & A. 1926); Wasserman v. State, 103 N.J.L. 128 (E. & A. 1926). Further, when the defendant made his first application to the trial court for the correction of sentence, he represented that the sentence imposed on May 12, 1948, was for the crime of breaking and entering with intent to commit rape; and the trial court acted thereon in reducing the maximum sentence from 24 years to 14 years in order to bring the maximum sentence imposed within the legal limits permitted for the crime for which he was actually convicted and sentenced.
Judgment affirmed.