28 N.J. Super. 239 (1953)
100 A.2d 503
IN THE MATTER OF ANTHONY CORPOLONGO, PETITIONER-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 2, 1953.
Decided November 9, 1953.
*241 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Anthony Corpolongo, pro se.
Mr. Harry L. Towe, Deputy Attorney-General of New Jersey and Acting Prosecutor of Bergen County, attorney for the State of New Jersey (Mr. Paul T. Huckin, Deputy Attorney-General of New Jersey, of counsel).
The opinion of the court was delivered by EWART, J.A.D.
This is an appeal from an order of the Law Division of the Superior Court (Bergen County) entered July 9, 1953 denying petitioner's application for a writ of habeas corpus.
Petitioner is now confined in the State Prison under a sentence imposed upon him on January 26, 1953 by the judge of the Criminal Judicial District Court of Bergen County upon his conviction under an accusation charging the offense of grand larceny in violation of N.J.S. 2A:119-2 in that he did, on December 12, 1952, in the Borough of East Rutherford in the County of Bergen, steal and carry away ten checks and currency together having a value of $578.50, being goods and chattels of Floyd Vreeland. Upon his conviction he was sentenced to a term of not less than two nor more than three years in State's Prison.
*242 A chronology of events leading to petitioner's conviction and sentence is as follows:
December 12, 1952  petitioner was arrested in Rutherford on the aforesaid charge.
December 15, 1952  court assigned Attorney Frank P. Lucianna to represent petitioner.
December 22, 1952  petitioner signed a written waiver of indictment and of trial by jury and entered a plea of non vult to the accusation.
January 20, 1953  the judge of the Bergen County Court referred the case to Irving S. Reeve, judge of the Criminal Judicial District Court of Bergen County for trial, etc.
January 26, 1953  petitioner was sentenced for a term of not less than two nor more than three years in State Prison. Thereupon, through his attorney, he moved to withdraw the plea of non vult and to enter a plea of not guilty.
February 6, 1953  the judge of the Criminal Judicial District Court granted the petitioner's motion to withdraw his plea and recalled the sentence imposed January 26, 1953.
March 4, 1953  petitioner was tried, found guilty and the court imposed a sentence of not less than two nor more than three years in State's Prison.
June 26, 1953  petitioner applied to the Law Division of the Superior Court, Bergen County, for a writ of habeas corpus.
July 9, 1953  petitioner's application for a writ of habeas corpus was denied by the Law Division of the Superior Court, and it is from that denial that the petitioner prosecutes this appeal to the Appellate Division.
The petitioner-appellant has filed a brief containing statements of fact and arguments of law, but has ignored his obligation to furnish the court with an appendix as required by the rules, R.R. 1:7-2; R.R. 1:7-1 (f), both made applicable to the Appellate Division by R.R. 2:7-1. However, the State has annexed to its brief an appendix containing copies of the necessary records, and while the appeal could be dismissed for petitioner's failure to comply with *243 the rules, we feel the matter should be disposed of on its merits.
The petitioner makes the following contentions in support of his appeal:
First, that his signature on the written waiver by which he waived indictment and trial by jury was "extorted" from him and by reason thereof lacks validity. There is nothing in the record to support this assertion, nor do the circumstances surrounding petitioner's apprehension, plea, trial, conviction and sentence lend weight or give character to such unsupported assertion. He was arrested December 12, 1952. Counsel was assigned to him December 15, 1952. He signed the waiver one week later on December 22, 1952 and at the same time entered a plea of non vult. After having been sentenced to State Prison on January 26, 1953, his attorney moved to withdraw the plea of non vult and to enter a plea of not guilty and the court granted the motion on February 6, 1953. The record of petitioner's trial on March 4, 1953, at which he was convicted, shows no objection by him to being tried on an accusation, rather than an indictment, and by the court rather than by a jury.
We feel there is no merit whatever to petitioner's contention that his signature on the waiver was extorted from him or was made other than voluntarily and with the advice of counsel.
Secondly, that he was entitled to be tried by a court composed of three judges rather than by a single judge and that failure to provide him with a trial by three judges violated his constitutional rights in that he was denied due process of law under the Federal Constitution. In support of that argument, petitioner cites the following cases:
Edwards v. State, 45 N.J.L. 419 (Sup. Ct. 1883). In that case, the court upheld the constitutionality of L. 1867, page 463, which provided that a defendant charged under oath with an offense triable before the Court of General Sessions of the Peace might waive indictment and trial by jury and request a trial before the Quarter Sessions on an accusation in writing, etc. The statute as it then stood in *244 1883 provided for a Special Court of Quarter Sessions to be composed of the presiding judge and at least two other judges of that court, thus constituting a three-judge court.
Kampf v. State, 30 A. 318 (Ch. 1894). In that case, defendant was accused of larceny from the person, signed a waiver consenting to be tried on an accusation without indictment and before the court without a jury, and was convicted and sentenced to prison. She prosecuted a writ of habeas corpus alleging that she was illegally convicted by a court presided over by two judges instead of three, and the Court of Chancery so found and ordered her discharged. It appears from the report that the waiver was signed under a special act of March 17, 1868 which provided for a court presided over by three judges; that the act was a special act applying only to Hudson County where the defendant was tried and convicted; that there was a later general act passed in 1878 (L. 1878, page 372) which authorized a two-judge court, but that the prisoner was entitled to be tried by a court presided over by three judges in accordance with the special act under which she had signed the waiver.
O'Keefe v. Moore, 60 N.J.L. 138 (Sup. Ct. 1897). In this case on June 25, 1896 O'Keefe signed a waiver of indictment and trial by jury, was tried and convicted in the Court of Special Sessions presided over by a single judge, and was sentenced to State Prison. He sued out a writ of habeas corpus and was discharged by the Supreme Court on the ground that the waiver signed by him recited a special act of the Legislature authorizing a trial before a court presided over by at least three judges and that, notwithstanding the fact that a statute was approved March 26, 1896 (L. 1896, page 149) which provided that after March 31, 1896 there should be no more than one judge of the Court of Common Pleas in each county who might hold a Court of Common Pleas, Orphans' Court and Court of General Sessions and Special Sessions, nevertheless the waiver signed referred to the earlier special act which provided for at least three judges and that his conviction by a single judge sitting in the Court of Special Sessions was illegal and unwarranted. *245 The petitioner O'Keefe was accordingly discharged from custody.
These cases, of course, afford no authority whatever for the appeal in the present case. The statutory provisions for a Court of Quarter Sessions, Special Sessions, Orphans' Court, etc., to be presided over by three judges were terminated by L. 1896, c. 102, which provided that after March 31, 1896 there should be no more than one judge of the Inferior Court of Common Pleas in each county, exclusive of the Supreme Court justice holding in the circuit, and that either the judge or justice might hold the Court of Common Pleas or Orphans' Court, Court of General Sessions and Special Sessions of the county. See Kenny v. Hudspeth, 59 N.J.L. 320 (Sup. Ct. 1896). Indeed, there was a time when five judges presided over the Common Pleas and other county courts. The number was reduced to three judges by L. 1855, c. 9. The petitioner in this case has no doubt been misled by a reading of these old decisions rendered at a time when a court presided over by three judges was required.
The record in this case discloses that after the petitioner had signed the waiver in question and on January 20, 1953, the judge of the County Court in the County of Bergen signed an order in writing referring the cause to Hon. Irving S. Reeve, Judge of the Criminal Judicial District Court of the County of Bergen, for trial and determination, with power to determine, adjudge, convict and sentence, pursuant to the statute in such case made and provided. And the petitioner was in fact tried in the said Criminal Judicial District Court. Such procedure is specifically authorized by the statute. N.J.S. 2A:7-21.
The County Court which referred the case to the Criminal Judicial District Court, by virtue of the statute above cited, is given general jurisdiction over all crimes and offenses of an indictable nature, N.J.S. 2A:3-4, and is given further authority in its discretion to try and adjudge, without a jury, except in capital cases, the guilt or innocence of any person where the accused waives his right to a trial by jury, N.J.S. 2A:3-5. Each judge of the County Court may *246 hold that court and exercise the jurisdiction thereof. Art. VI, Sec. IV, par. 3, Constitution of 1947. There has been no provision in law for a Quarter Sessions or Special Sessions Court to be held by three judges since the enactment of L. 1896, c. 102.
Nor is there any provision in the act creating Criminal Judicial District Courts for a court to be held by more than one judge. N.J.S. 2A:7-1 et seq.
We find no merit in the petitioner's appeal and therefore affirm the order of the Law Division of the Superior Court denying petitioner's application for a writ of habeas corpus.
Judgment affirmed.