30 N.J. Super. 369 (1954)
104 A.2d 849
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ABRAHAM ROSENBERG, WILLIAM STAROBIN, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 26, 1954.
Decided May 7, 1954.
*370 Before Judges CLAPP, FREUND and SCHETTINO.
Mr. Donald G. Collester argued the cause for the State.
Mr. Nicholas O. Beery argued the cause for defendants-appellants.
*371 The opinion of the court was delivered by CLAPP, S.J.A.D.
Appellants and others were convicted in 1933 of kidnapping, and each was sentenced for the maximum term of his natural life and the minimum term of 30 years. They have been on parole since 1945. Recently, claiming the sentences to have been illegal, appellants moved to correct them. R.R. 3:7-13. This appeal is from the denial of the motion.
The substantial question before us is whether authority to impose these sentences was given by L. 1928, c. 182, p. 350, L. 1933, c. 374, p. 1057 (cf. N.J.S.A. 2A:118-1) and by the Indeterminate Sentence Act, L. 1932, c. 166, p. 292 (cf. N.J.S.A. 2A:164-17).
It is to be observed as to all these statutes that though they be penal in character and therefore are to be construed against the State, their reasonable intendment is not to be denied. State v. Meinken, 10 N.J. 348, 352 (1952); State v. Brenner, 132 N.J.L. 607, 611 (E. & A. 1944). The 1928 and 1933 acts cited, provide that any person convicted of kidnapping shall be imprisoned
"for the term of his or her natural life, or for such other lesser term as the court shall deem proper, but such other term not to be less than thirty years."
The appellants lay much stress upon the disjunctive. They might have been sentenced, they say, for life flatly or for some lesser term, but the statute precludes a sentence extending anywhere from a period of years up to life.
We are of a different view. Cf. O'Day v. People, 114 Colo. 373, 166 P.2d 789 (Sup. Ct. 1946). A period of not less than 30 years and not exceeding life, looking at it as a mathematical concept or a mathematical variable, can be regarded as a "lesser term" (as the statute puts it) than one for life. Of course the matter of parole, even though it may cut the length of the imprisonment, is not to be taken into account in computing the length of the "term."
However there is a more important matter here. These two acts and the Indeterminate Sentence Act, all being *372 in pari materia, are to be brought into harmony, if possible, for the accomplishment of the objectives of the Legislature. Modern Industrial Bank v. Taub, 134 N.J.L. 260, 263 (E. & A. 1946); Maritime Petroleum Corp. v. City of Jersey City, 1 N.J. 287, 297 (1949). The Indeterminate Sentence Act provides:
"All sentences to the New Jersey State Prison shall hereafter be for a maximum and minimum term, except sentences for life * * *."
The last words "except sentences for life" are of no aid to appellants' argument. The whole import of those words is simply this, that a court is not required to provide a minimum term when imposing a life sentence. But the statute does not thereby forbid sentences, such as those given here, under which the minimum term is for years and the maximum term is for life. Quite the contrary. Having in view the worthy ends sought after by this legislation, State v. Moore, 21 N.J. Super. 419, 425 (App. Div. 1952), we conclude it was within the discretion of the court to impose the sentences pronounced here. We therefore find them legal.
Miller v. Camden, 63 N.J.L. 501 (Sup. Ct. 1899), is not in point.
Affirmed.