33 N.J. Super. 497 (1955)
111 A.2d 65
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HENCE GREENE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 3, 1955.
Decided January 11, 1955.
*498 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Hence Greene, appellant, pro se.
Mr. Guy W. Calissi, Prosecutor of Bergen County (Mr. William J. Arnold, Assistant Prosecutor, Bergen County), for the respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
The record returned in response to the present appeal informs us that the grand jury of Bergen *499 County at the September term, 1952, presented an indictment against the defendant-appellant alleging that on June 16, 1952 in the Borough of Lodi "he did then and there have in his possession a certain quantity of narcotic drug, to-wit, thirty packages of cocaine, in violation of R.S. 24:18-4." The defendant thereafter expressed in writing his desire to waive trial by jury and be promptly tried in the County Court. The judge of the County Court referred the case to the Criminal Judicial District Court of the County of Bergen for trial and determination. N.J.S. 2A:7-21; R.R. 3:4-2(b). Cf. In re Corpolongo, 28 N.J. Super. 239, 245 (App. Div. 1953).
The defendant appeared in that court, represented by an attorney, on January 16, 1953 and entered a plea of guilty. The defendant on March 25, 1953 signed a waiver of the delay in the imposition of sentence upon him in which he stated:
"I do hereby waive any rights, privileges, or advantages which I may have under said statute (presumably R.S. 2:192-1) and consent that sentence may be imposed at any time hereafter, but not later than one year from the date hereof."
On the same day the defendant was sentenced to serve a term of imprisonment in the New Jersey State Prison of not less than three nor more than five years.
The statute then effective and applicable specifically prescribed as a penalty for the first commission of the offense of the unauthorized possession of a narcotic drug, a fine not exceeding $2,000 and imprisonment for a term of not less than 2 years and not more than 15 years. R.S. 24:18-47, as amended L. 1952, c. 90, p. 424, effective April 24, 1952.
Upon subsequently recognizing that the sentence actually announced on March 25, 1953 was not in obedience to the precept of the statute in that the imposition of a fine had been ignored, the judge summoned the defendant for sentence on May 25, 1953 and then erased the effectiveness of the prior invalid sentence and sentenced the defendant to pay a fine of $250 and serve a term of imprisonment of not *500 less than three years nor more than five years in the New Jersey State Prison "with credit for the 61 days spent in the Bergen County Jail awaiting trial and sentence."
Sometime thereafter the defendant addressed a petition to the Superior Court, Bergen County (see R.R. 3:7-15(a), (c); 8:12-1) in which he impugned the legality of the sentence of May 25, 1953 in that he claimed that he was penalized for the unlawful manufacture and sale of a narcotic drug whereas he was indicted only for, and pleaded guilty to, the unlawful possession of the drug.
The reason for the defendant's erroneous notion that he had been sentenced for the manufacture and sale of the narcotic drug will be presently explained. At the moment it is in order to state that his petition to the Superior Court was apparently recognized as an application to correct, more probably to nullify, the sentence. The petition was denied by an order, the legal propriety of which we are requested to review.
Obviously the idea that he had been sentenced for the unlawful manufacture and sale of narcotic drugs was the impact upon his mind of the contents of a letter he received from the Admissions and Records Officer of the New Jersey State Prison. The defendant's misinterpretation of it is understandable. We quote the pertinent excerpt:
"You were sentenced according to your commitment May 25, 1953 for #C-7396 Violation Title 24:18-4 Revised Statutes Unlawful Manufacture, Poss., Sale, etc., of Narcotic Drugs. Your sentence is 3 to 5 years with a $250.00 Fine. You have but one sentence as stated above."
Manifestly the records officer chose to employ the words of the designative heading of R.S. 24:18-4 which, like the inscription on a tombstone, serves only to indicate what lies below. The unauthorized possession of any narcotic drug is one of the disjunctive offenses embraced by this section of the statute.
The superior question projected by the present appeal implicates the power of the sentencing court to change the *501 purported sentence announced on March 25, 1953 and lawfully substitute on May 25, 1953 a sentence which imposed in addition to the term of imprisonment, the payment of a fine.
The consideration of that question requires initially a recognition of the basic factual premise. We must first determine whether we are here concerned with the subsequent increase of a valid sentence or with the correction of an invalid one.
Certainly we can ignore the provisions of R.S. 2:192-1 as amended, for that section was repealed by the enactment of the new and revised Title 2A.L. 1951, 1st Sp. Sess., c. 344. Applicable here was Rule 2:7-13 (now R.R. 3:7-13; 8:7-11) which reads:
"The court may correct an illegal sentence at any time. The court may reduce or change a sentence within 60 days from the date of the judgment of conviction."
Our courts have referred with considerable frequency to the authority to correct an illegal sentence at any time. Cf. State v. Weeks, 5 N.J. Super. 505 (Cty. Ct. 1949), affirmed 6 N.J. Super. 395 (App. Div. 1950); State v. Tyska, 12 N.J. Super. 159 (Cty. Ct. 1951); State v. Janiec, 6 N.J. 608, 612 (1951); State v. Johnson, 16 N.J. Super. 174 (App. Div. 1951); State v. Payne, 17 N.J. Super. 561 (App. Div. 1951); In re Kershner, 9 N.J. 471, 476 (1952); State v. Moore, 21 N.J. Super. 419 (App. Div. 1952); State v. Roleson, 22 N.J. Super. 40 (App. Div. 1952); State v. Payne, 23 N.J. Super. 143 (App. Div. 1952); State v. Anderson, 12 N.J. 461 (1953); State v. Rosenberg, 30 N.J. Super. 369 (App. Div. 1954).
In determining the legality of the prior sentence of March 25, 1953 our interest in the ascertainment of the legislative intent fastens upon the diction of N.J.S.A. 24:18-47 of Article 9 which prescribes the punishment of persons who have violated any provision of the chapter (section 24:18-1 et seq.) to be both a fine and imprisonment within the specified limitations.
*502 In the first quarter of the 20th Century the illicit traffic in the sale and distribution for profit of narcotic drugs became gravely recognized as a menacing, diabolical enterprise which required universal legislative abolition. The problem attracted the studious consideration of the National Conference of Commissioners on Uniform Laws and in 1932 a proposed uniform preventive act was composed and submitted to the several states for enactment. This worthy pattern and recommendation doubtless influenced the enactment of our statute in 1933.
Noticeably, Article II, § 1, p. 400 of chapter 186 (R.S. 24:18-4) is identical with the provisions of section 2 of the Uniform Narcotic Drug Act. Our statute of 1933 designated the offense as a high misdemeanor and punishable accordingly. It became evident that the illicit traffic in narcotics persisted in an apparently increasing volume and that a more incisive penal deterrent was publicly desirable, hence the amendments (L. 1951, c. 56; L. 1952, c. 90) prescribing the imposition of both a fine and imprisonment in all cases and a severer punishment in the event of a repetitious commission of the offense reaching, indeed, to a maximum of imprisonment for life. For every why, there is a wherefore.
This growth of the penal section of the statute is demonstrative of the deliberate intent and purpose of the Legislature and forbids the construction that the natural conjunctive import of "and" be given in this instance the disjunctive meaning of "or."
We therefore resolve that the purported sentence of March 25, 1953 in which the payment of a fine was omitted was not in conformity with the law.
The inquiry propounded to us by the present appeal is consequently diminished to whether a judge who has pronounced a sentence which was erroneous in law pursuant to which the defendant was thereafter detained in jail has the power subsequently to correct the illegal sentence to conform to the requirements of the law where the correction results in an increase in the punishment. Is the defendant thereby *503 subjected to double jeopardy? Cf. State v. Cash, 15 N.J. Super. 377 (App. Div. 1951); State v. Flood, 30 N.J. Super. 196, 199, 200 (Cty. Ct. 1954).
There are a number of decisions of pertinency in the federal courts expressive of a juristic criterion in such situations. We are, however, impressed by the decision of the United States Supreme Court in Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947), in which the federal statute carried a mandatory sentence of both a fine and imprisonment, and there as here the trial judge imposed a sentence of imprisonment, omitted the fine, and subsequently corrected the sentence. The following pungent portion of the decision may be appropriately quoted:
"Petitioner contends, however, that these cases are inapplicable here because correction of this sentence so as to make it lawful increases his punishment. Cf. United States v. Benz, 282 U.S. 304, 309, 51 S.Ct. 113, 114, 75 L.Ed. 354 [357]. If this inadvertent error cannot be corrected in the manner used here by the trial court, no valid and enforceable sentence can be imposed at all. Cf. Jordan v. United States, 4 Cir., 60 F.2d 4, 6, with Barrow v. United States, 54 App. D.C. 128, 295 F. 949. This Court has rejected the `doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.' Re Bonner, supra, 151 U.S. [242] at page 260, 14 S.Ct. [323] at page 327, 38 L.Ed. 149. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App. D.C. 10, 98 F.2d 291, 296. In this case the court `only set aside what it had no authority to do, and substitute[d] directions required by the law to be done upon the conviction of the offender.' Re Bonner, supra, 151 U.S. at page 260, 14 S.Ct. at page 327, 38 L.Ed. 149. It did not twice put petitioner in jeopardy for the same offense. The sentence as corrected imposes a valid punishment for an offense instead of an invalid punishment for that offense."
We conclude that in our state jurisdiction the court possessed in the circumstances of the present case the power to substitute for the original illegal sentence the one in conformity with the statute. The corrected sentence and order under review are affirmed.