84 N.J. Super. 186 (1964)
201 A.2d 392
FRANCES M. SWINEY, PETITIONER-APPELLANT,
v.
DEPARTMENT OF THE TREASURY, DIVISION OF PENSIONS, BOARD OF TRUSTEES, TEACHERS' PENSION ANNUITY FUND, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1964.
Decided June 18, 1964.
*188 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. T. James Tumulty argued the cause for appellant.
Mr. Richard Newman argued the cause for respondents (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. Newman, of counsel).
The opinion of the court was delivered by KILKENNY, J.A.D.
Frances M. Swiney, a retired public school teacher (hereinafter "applicant") appeals from a final determination of the Board of Trustees of the Teachers' Pension and Annuity Fund of the State of New Jersey (hereinafter "Pension Fund"), denying her application for retirement coverage under N.J.S.A. 18:13-112.70c solely on the ground that she did not file her application for retirement prior to January 1, 1963. The Pension Fund received applicant's formal application for retirement on February 4, 1963, the retirement to become effective July 1, 1963.
The legislative purpose in adopting N.J.S.A. 18:13-112.70c, L. 1962, c. 108, § 1, was to enable teachers and others covered by this pension fund in a certain age group to retire not later than July 1, 1963 and to receive both the full pension allowance and social security benefits. Without this amendment to the law, a teacher or other member of this pension fund, upon retirement, would have his retirement allowance reduced "by the amount of the old age insurance benefit under Title II of the Social Security Act [42 U.S. *189 C.A. § 401 et seq.] paid or payable to him whether received or not." N.J.S.A. 18:13-112.70.
So far as pertinent herein, N.J.S.A. 18:13-112.70c provides:
"The reduction provided in section 68 of the act to which this act is a supplement [N.J.S.A. 18:13-112.70] shall not be made in the case of * * * women born after January 1, 1892 and before July 2, 1896 * * * provided such individuals have retired or, in case of individuals who were born prior to January 1, 1900, shall file application for retirement prior to January 1, 1963, for retirement to become effective not later than July 1, 1963. * * *" (Italics ours)
The applicant was born on March 6, 1895 and, admittedly, comes within the purview of the beneficent provisions of this statute.
The formal determination of the board of trustees of the Pension Fund shows the following uncontroverted facts:
"On July 26, 1962 Frances M. Swiney wrote to John J. Allen, Secretary of the Teachers' Pension and Annuity Fund, stating that she intended to retire on December 1, 1962. She asked for a retirement quote as of that date.
On August 2, 1962 William W. Brooks, Chief, Retirement Bureau, answered Mrs. Swiney. He informed her that she was eligible for S-16 benefits and that her retirement application had to be filed at least 30 days prior to the effective retirement date. He also notified her that it would cost her an additional $172.09 to purchase a class B pension.
On October 3, 1962 the Fund received a check from Mrs. Swiney in the amount of $86.09 in partial payment for the class B pension.
On October 9, 1962 Mr. Brooks acknowledged receipt of the check and again advised Mrs. Swiney of the 30 day advance filing requirement.
On October 31, 1962 the Fund received the balance of the payments for the class B pension from Mrs. Swiney. Receipt of this check was acknowledged by Mr. Brooks on November 5, 1962.
On January 11, 1963 the Fund received a letter from Mrs. Swiney dated January 5, 1963, in which she stated that she had decided to retire on March 1, 1963.
On January 17, 1963 James F. DeWan, Assistant Chief, Bureau of Retirement, informed Mrs. Swiney that the Fund was holding a Certificate of Service and Final Salary, signed by Louis J. Messano, Secretary of Jersey City Board of Education on January 11, 1963, stating that her services would terminate on January 31, 1963. Again Mrs. Swiney was informed of the 30 day advance filing requirement.
*190 On January 22, 1963 a corrected Certificate of Service and Final Salary was received by the Fund. The Fund was advised by the Jersey City Board of Education that Mrs. Swiney was resigning as of June 28, 1963 instead of January 31, 1963.
On February 4, 1963 the Fund received Mrs. Swiney's application for retirement effective July 1, 1963. Said application was postmarked February 1, 1963.
Mrs. Swiney states that illness and trouble in her family was the reason for the delay in filing her application for retirement." (Emphasis added)
We note at this point that, in its correspondence with the applicant, the Pension Fund did not inform her that N.J.S.A. 18:13-112.70c provided for filing of the application for retirement "prior to January 1, 1963." Instead, the Pension Fund's letters of August 2, 1962, October 9, 1962, and even January 17, 1963 informed her and reminded her that she was affected by the provisions of this 1962 law, was "eligible to receive Social Security benefits in addition to the full retirement allowance" and that "In order to have your retirement become effective on a specific date, your application must be filed at least 30 days prior to that date; 60 days advance filing is preferable." (Emphasis supplied)
The formal application itself furnished by the Pension Fund in its letter of August 2, 1962 and executed by the applicant on February 1, 1963 sets forth at its heading:
"Application for retirement must be filed a minimum of 30 days prior to the desired effective date."
Applicant's executed formal application was filed on February 4, 1963, as noted above, and specified retirement benefits were to become effective on July 1, 1963.
The record discloses the following additional facts. On February 20, 1963 William W. Brooks, Chief, Bureau of Retirement, sent a letter to applicant advising her that since her application had not been filed with the Pension Fund "before January 1, 1963 as required by statute," the Pension Fund was unable to grant her the benefits of the 1962 legislation and her future retirement benefits would "be subject *191 to a Social Security offset." However, he added this significant paragraph:
"If there are extenuating circumstances which resulted in delaying your application for retirement, you have the right to appeal by directing a letter to Mr. John J. Allen, Secretary of the Teacher's Pension and Annuity Fund, at this same address."
Thereafter, the applicant did furnish evidence of extenuating circumstances, including her misunderstanding of the filing requirement, induced by the communications from the Pension Fund, and a medical certificate attesting to her ill health during December 1962 and January 1963, when she suffered from "acute hypertension with dizziness and confusion & panic attacks."
Despite all this, the Pension Fund concluded:
"The Board has no choice but to deny S-16 coverage to Mrs. Swiney since she did not file application for retirement prior to January 1, 1963." (Italics ours)
S-16 coverage has reference to N.J.S.A. 18:13-112.70c and is so called because the bill was introduced in the Senate and became popularly known as S-16. It is the contention of the Pension Fund on this appeal that applicant's "own untimely failure to file her retirement application prior to January 1, 1963, the mandatory deadline of the statute, leads to a self-deprivation of the `double benefits' afforded by the S-16 legislation."
On the other hand, the applicant argues that the provision in N.J.S.A. 18:13-112.70c relating to the filing of the application for retirement prior to January 1, 1963, is only directory or "programmatic," and mere failure to file the application by January 1, 1963 should not deny a teacher the benefits of coverage provided for in that statute, when she has qualified in all other respects. It is undisputed that the applicant is qualified in all other respects and that her failure to file the formal application by January 1, 1963 is the only reason assigned by the Pension Fund for denying her the benefits under N.J.S.A. 18:13-112.70c. The applicant contends, *192 additionally, that even if filing the application prior to January 1, 1963 were absolutely mandatory, she did comply substantially with that requirement.
The applicant served as a teacher in the Jersey City school system for more than 37 years before her retirement. Denial of coverage under N.J.S.A. 18:13-112.70c would mean a loss to her of about $1,400 per annum.

I.
Is the statutory requirement that applicants "shall" file their applications for retirement "prior to January 1, 1963" so inflexibly mandatory as to leave the board of trustees of the Pension Fund "no choice but to deny S-16 coverage to Mrs. Swiney," as the board concluded in disposing of her formal application received by it on February 4, 1963?
There is a presumption that the word "shall," appearing in a statute, "is used in an imperative and not a directory sense, and while this presumption is not a conclusive one it can only be overthrown by something in the character of the legislation or in the context which will justify a different meaning." Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 166 (1954). As we said in In re Assignment for Benefit of Creditors of Munson-Lied Co., 68 N.J. Super. 281, 287 (App. Div. 1961), with reference to use of the term "shall" in a statute and the general presumption that it sets forth a mandatory requirement:
"It is merely a presumption which can readily be overcome within the context of the obvious purpose of the particular legislation under scrutiny. * * * The more important consideration is whether the provision in question is of the essence of the law or merely relates to the form or manner thereof. * * * And if no public benefit ensues from and no private right is insured by according the word `shall' an imperative meaning, it is to be construed as directory rather than mandatory."
See, too, Borough of Paramus v. Ridgewood Park Estates, 42 N.J. Super. 369, 375 (App. Div. 1956); In re Norrell's Estate, 139 N.J. Eq. 550, 554 (E. & A. 1947).
*193 As stated in Harvey v. Essex County Board of Freeholders, 30 N.J. 381, 391 (1959):
"In determining whether a statute is mandatory or directive regard shall be had to the purpose and intent of the Legislature. * * * The word `may' is ordinarily permissive or directory, and the words `must' and `shall' are generally mandatory. Such terms, however, have been held to be interchangeable whenever necessary to execute the clear intent of the Legislature. The problem is primarily one of ascertaining the intent of the Legislature. * * * Such intent may be implied from the language used or inferred on grounds of policy and reasonableness."
"It is a cardinal rule of statutory construction that the intention of the Legislature is to be derived from a view of the entire statute." Febbi v. Board of Review, Div. of Employment Sec., 35 N.J. 601, 606 (1961). The words used, while ordinarily given their natural significance and import, may be expanded or limited to effectuate the manifest reason and obvious purpose of the law. Finnegan v. State Board of Tax Appeals, 131 N.J.L. 276, 277 (Sup. Ct. 1944). "The spirit of the legislative act will prevail over the literal sense of terms." Wright v. Vogt, 7 N.J. 1, 6 (1951). See also, 2 Sutherland, Statutory Construction (3d ed. 1943), §§ 4703, 4706, pp. 336, 339.
The obvious purpose of this law was to allow certain teachers and other school employees of advanced years, in the designated age brackets, to obtain their normal retirement allowance without an offset of social security benefits paid or payable to them, whether received or not, provided they retired by the date fixed in the statute. In the case of this applicant, she was required to retire "not later than July 1, 1963" to enjoy the benefits conferred by N.J.S.A. 18:13-112.70c. In fixing the time for filing of applications for retirement, the Legislature was obviously aware of the need of the Pension Fund to have sufficient time before the retirement date to process the applications administratively so as to avoid delay in the distribution of retirement benefits upon the effective date of the retirement. But it can hardly be said that the Legislature's concern for the expedition and convenience *194 of the administrative process was of the essence of this law, so as to deny a deserving public employee and intended beneficiary of the act its substantial benefits, merely because a formal application was not received by the Pension Fund prior to January 1, 1963. We do not regard the filing date deadline so inexorably mandatory as to necessitate a barring of the benefits of N.J.S.A. 18:13-112.70c under the particular facts of this case, merely because the formal application was not filed within the time limit fixed by the statute and regardless of the circumstances of the particular case.

II.
The Pension Fund itself, in its administration of this benevolent legislation, has in a number of instances (as clearly shown by the records which the Fund made available to us at the oral argument) extended the coverage of the law to applicants who filed formal applications for retirement subsequent to the statutory filing date. It has done so, purportedly, upon its finding of extenuating circumstances excusing the late filing. Such circumstances have included inadvertence on someone's part in mailing the applicant's application form, the Pension Fund's own neglect in responding to an applicant's request for information and retirement forms, a claim by an applicant that he had previously mailed a form which the Pension Fund had not received, the laying aside of an applicant's letter for later processing due to a misunderstanding as to her age, and the like.
In one instance the Pension Fund accepted the late filing within time because its form letter, instead of telling the applicant that December 31, 1962 was the filing deadline under S-16, advised her:
"Please note that your application for retirement must be completed and filed in this office a minimum of 30 days in advance of the effective retirement date."
In another instance the Pension Fund found a basis for its approval of a retirement application filed on January 15, *195 1963 because of a misunderstanding and, as its own record shows, because the applicant "was not given personal instructions by the Fund concerning the S-16 filing deadline." And yet, as noted above, the same misinformation and lack of proper instructions are present in the instant case.
In all of these instances where the Pension Fund approved the application for coverage under N.J.S.A. 18:13-112.70c despite the filing of the formal application subsequent to January 1 before the retirement date, there had been correspondence between the applicant and the Pension Fund prior to the filing deadline manifesting, as in the instant case, the intention of the applicant to retire before the date fixed in the statute in order to obtain the benefits of the law.
This tolerant approach in interpreting the filing date deadline as subject to reasonable exceptions has also been indulged in by another pension fund agency of the State, the Public Employees' Retirement System, in its administration of an analogous statute, commonly known as S-44. Upon our inquiry at oral argument, we were advised that the board of trustees of this retirement system has relaxed the filing deadline in a number of cases "due to the extenuating circumstances in each case." In fact, we were handed a detailed list of some 22 such instances. For example, in one case the basis for relaxation was the fact that the applicant was sick during December 1962 and did not understand the implications of the bill and was not advised by his employer until January 16, 1963, at which time he executed his application.
In brief, both the Teachers' Pension and Annuity Fund and the Public Employees' Retirement System have interpreted this legislation in a manner consistent with the main purpose and obvious intent of the Legislature, namely, to enable these qualified public employees to reap the benefits of the law, if they retired by the fixed date. The filing date requirement has been relaxed whenever relaxation could reasonably be indulged to achieve the essential purpose of the law.

*196 III.
The Pension Fund points out that the applicant first advised it of her intention to retire on December 1, 1962 and thereafter changed the retirement date to March 1, 1963 and finally July 1, 1963. That is immaterial. At all times she evidenced her intent to retire not later than July 1, 1963, as required by N.J.S.A. 18:13-112.70c.
Her conduct from July 26, 1962, when she first advised the Pension Fund of her intention to retire, clearly manifested her purpose in taking advantage of this new law, which had become effective on July 10, 1962. She made known to her local board of education prior to January 1, 1963 that she was retiring. The local board forwarded to the Pension Fund on January 11, 1963 its certification of her 37 years of service and final salary, and thereafter forwarded a revised certification, under date of January 21, 1963, when her retirement date was altered to June 30, 1963.
It can be fairly said that this applicant did give timely notice of her retirement in advance of January 1, 1963, within the spirit and purpose of that legislation, albeit the Pension Fund's form was not executed until February 1, 1963. We regard her conduct as constituting substantial compliance with the filing requirement.
The totality of the facts herein satisfies us that the applicant is entitled to the coverage of N.J.S.A. 18:13-112.70c, notwithstanding her formal application for retirement was not received by the Pension Fund until February 4, 1963. There were sufficient extenuating circumstances herein to have warranted the same indulgence as to applicant's late filing of the formal application as the Pension Fund extended to others for substantially similar reasons.
The determination of the Pension Fund is reversed and the matter is remanded for further processing of applicant's application so as to grant her the benefits provided for under N.J.S.A. 18:13-112.70c.