192 N.J. Super. 418 (1983)
470 A.2d 53
STATE OF NEW JERSEY,
v.
DINO DUVA, DEFENDANT.
Superior Court of New Jersey, Law Division Bergen County.
November 29, 1983.
*419 Larry J. McClure, Bergen County Prosecutor, for plaintiff (Anthony Alfano, Assistant Prosecutor, of counsel).
William J. De Marco, Esquire, for defendant (Matthew J. Cavaliere, Esquire, of counsel).
HUOT, J.S.C.
This case comes before the court on appeal from the Municipal Court of the City of Englewood. Defendant, Dino Duva, pled guilty to driving while on the revoked list in contravention of *420 N.J.S.A. 39:3-40 on June 16, 1983. This was defendant's second offense. The applicable portion of the Statute provides:
"No person to whom a driver's license has been refused or whose driver's license or reciprocity privilege has been suspended or revoked, or who has been prohibited from obtaining a driver's license, shall personally operate a motor vehicle during the period of refusal, suspension, revocation or prohibition.... A person violating this section shall be subject to the following penalties: ... (b) Upon conviction of a second offense, a fine of $750.00 and imprisonment in the county jail for not more than five days; ..." (emphasis supplied)
The court sentenced defendant to two days in the Bergen County Jail and a fine of $750.00.
The precise question presented by this appeal is whether the language of N.J.S.A. 39:3-40(b) makes the imposition of a term of imprisonment in the county jail mandatory upon conviction for a second offense. The Municipal Court so held. Defendant contends that such ruling was error and seeks a determination that incarceration is discretionary with the judge.
The general rules of construction are as provided in N.J.S.A. 1:1-1:
"In the construction of the laws and statutes of this state, both civil and criminal, words and phrases shall be read and construed within their context, and shall, unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language..."
N.J.S.A. 39:3-40 reads, inter alia, that one who violates its proscription "... shall be subject to ..." (emphasis supplied) It is a well-established canon of construction that the language of the statute is the best indication of legislative intent. Meltzer v. Zoller, 520 F. Supp. 847, 835 (D.C.N.J. 1981). The meaning of the word "shall" in legislation has been discussed many times by many courts. There is a presumption that the word "shall" appearing in a statute is used in an imperative and not a directory sense. This presumption can only be overthrown by something in the character or context of the legislation which will require a different meaning. Swiney v. Dept. of Treasury, Div. of Pension, 84 N.J. Super. 186 (App.Div. 1964); Taureck v. City of Jersey City, 149 N.J. Super. 503 (Law Div. 1977). There is nothing in the character of this legislation, nor in the context *421 within which the words are used, which can lead to any conclusion other than that the word "shall" is used by the legislature in its mandatory sense.
Defendant here urges that a comparison between the prior language of N.J.S.A. 39:3-40 and its present language indicates a legislative intent to make incarceration discretionary with the court.
Defendant contends that by adding the words "be subject to" immediately after the word "shall" displays a legislative intent to divest the word "shall" of its mandatory character. Defendant, thus, interprets the statute as merely stating the punishment which is available to be imposed. This would make the phrase "shall be subject to imprisonment" the functional equivalent of "may be imprisoned for." It is the court's function to construe statutes as written. Schmoll v. Creecy, 104 N.J. Super. 126 (A.D. 1969). The legislature is deemed to have intended what it wrote and the Court may not construe a contrary concept. Harlan v. Fidelity & Cas. Co., 139 N.J. Super. 226 (Law Div. 1976). These concepts must guide the examination of the phrase "shall be subject to" in the context in which it is used and by which it is modified. Thus, the language of the statute which follows the phrase must be considered in arriving at its true meaning.
The word "shall" is mandatory. Is the imposition of both a fine and a term of imprisonment mandatory, or is the court free to impose one or the other? N.J.S.A. 39:3-40(b) states: "(b) Upon conviction of a second offense, a fine of $750.00 and imprisonment for not more than five days." (emphasis supplied.) The word "and" carries with it natural conjunctive import while the word "or" carries with it natural disjunctive import. State v. Greene, 33 N.J. Super. 497 (App.Div. 1955). In the legislation here at issue, there is nothing in the context which evidences a desire to make the word "and" take on a disjunctive meaning in direct contravention of its natural meaning. The court holds that the word "and" is to be read *422 conjunctively and was so used by the legislature. Thus, both fine and imprisonment are required. Defendant urges that the phrase "for not more than 5 days" is indicative of a legislative intention to give the court discretion to impose no term of imprisonment whatsoever since such a term would certainly be less than the five-day maximum. This is a mis-reading of the statute. The legislature certainly intended to give the court discretion with respect to the length of incarceration (up to five days), but did not intend to, nor did it, give the court discretion not to require some incarceration.
While the language "shall be subject to ... a fine of $750.00" indicates that such a penalty is mandatory it must be pointed out that the court must impose a fine of $750.00. The fine may be no more nor less than that amount. The language subjecting a convicted defendant to imprisonment "for not more than five days" creates a slightly different situation. The incarceration is mandatory; however, the court is vested with discretion to impose up to the maximum of five days.
Support for the court's conclusion concerning the interpretation of subsection (b) is found in a review of the other penalty subsections. All are preceded by the language "shall be subject to." Subsection (a) provides for a fine of $500, neither more nor less. Subsection (c) provides for a fine of $1,000 and imprisonment for ten days, neither more nor less.
Anyone to whom (a) or (c) is applicable, is also "subject to" such penalty and there can be no valid argument that the imposition of such penalty is discretionary.
Subsection (d) requires the court to suspend a defendant's driver's license for a period of time not to exceed six months. Here, the court is given discretion to determine the length of the suspension, but no discretion not to suspend. The discretion granted by subsection (d) concerning the length of the suspension is similar to that granted by subsection (b) concerning the length of imprisonment.
*423 Subsection (e) requires imprisonment for a minimum period of 45 days. Here again, such defendant is "subject to" such penalty, but it cannot be construed as discretionary with the court not to impose it.
The court concludes that one convicted of a violation of N.J.S.A. 39:3-40 for the second time is required by the statute to be sentenced to pay a fine of $750.00 and to imprisonment in the county jail. In addition, one so convicted must suffer a further suspension of his driving privileges for an additional period not to exceed six months.
The defendant shall appear before this court on November 29, 1983 for imposition of sentence upon his plea of Guilty.