239 N.J. Super. 206 (1990)
570 A.2d 1285
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK PAVAO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 18, 1989.
Decided March 8, 1990.
*208 Before Judges O'BRIEN, HAVEY and STERN.
Nicholas J. Schuldt, III, argued the cause for appellant (Eli Lewis Eytan on the letter brief).
Patricia Bowen Quelch, Assistant Prosecutor, argued the cause for respondent (John Kaye, Monmouth County Prosecutor, attorney; Mark P. Stalford, Assistant Prosecutor, on the letter brief).
The opinion of the court was delivered by HAVEY, J.A.D.
Defendant appeals from his conviction in the Wall Township Municipal Court and again in the Law Division after his trial de novo of refusing to take a breathalyzer test, N.J.S.A. 39:4-50.2 and driving while on the revoked list, N.J.S.A. 39:3-40.[1] On the refusal charge, defendant was fined $500, his driving privileges were revoked for two years and he was ordered to participate 12 hours in the Intoxicated Drivers Resource Center. On the driving while revoked charge, defendant was fined $750, his driving privileges were revoked for an additional 60 days and he was sentenced as a second offender to a one-day jail term.
On appeal, defendant raises the following points:

Point I  Where the trooper's stop of defendant's automobile was pretextual, lacking probable cause and constituting an unjustified investigatory stop, defendant's convictions for refusal and driving while suspended must be reversed.

*209 Point II  The sentence of one day imprisonment must be set aside because such sentence was founded upon the trial court's erroneous legal conclusion that such a sentence was mandatory.
We affirm.
The State's proofs established that State Trooper David Meyer observed defendant's vehicle traveling southbound on State Highway 35 in Wall Township. The vehicle was traveling at low rate of speed, was weaving and, on at least two occasions, crossed over the fog line separating the traveled portion of the highway from the shoulder. When the trooper stopped the vehicle, he detected an odor of alcoholic beverage on defendant's breath. When defendant recited the alphabet, he did so in a slow, slurred voice. After defendant had difficulty performing coordination tests at the scene, he was placed under arrest for driving while intoxicated and was transported to the State Police barracks.
We are satisfied that Trooper Meyer had an objectively reasonable basis to stop defendant's vehicle. See Delaware v. Prouse, 440 U.S. 648, 661, 99 S.Ct. 1391, 1400, 59 L.Ed.2d 660, 672 (1979); State v. Weber, 220 N.J. Super. 420, 423, 532 A.2d 733 (App.Div.), certif. den. 109 N.J. 39, 532 A.2d 1107 (1987). The erratic nature of the vehicle's movement provided an articulable and reasonable suspicion that defendant was driving carelessly, N.J.S.A. 39:4-97, or while under the influence of alcohol, N.J.S.A. 39:4-50.
After defendant's vehicle was stopped, the trooper properly asked defendant to alight from the vehicle. See Pennsylvania v. Mimms, 434 U.S. 106, 111, 98 S.Ct. 330, 333, 54 L.Ed.2d 331, 337 (1977). When asked for credentials, defendant was unable to produce his driver's license. As stated, his speech was slurred, he had alcohol on his breath and he had difficulty performing roadside physical tests. The State establishes a failure to submit violation by proving "by a preponderance of the evidence" that the "arresting officer had probable cause to believe the [defendant] had been driving ... while *210 under the influence," and that he refused to submit to the test. N.J.S.A. 39:4-50.4a. The Law Division judge's determination that this standard was met is amply supported by the record. State v. Johnson, 42 N.J. 146, 162, 199 A.2d 809 (1964).
The next question is whether the one-day jail term imposed for driving while revoked is sustainable. The Law Division judge concluded that a jail term is mandated for second offenders under N.J.S.A. 39:3-40, which provides:
A person violating this section shall be subject to the following penalties:
........
b. Upon conviction for a second offense, a fine of $750.00 and imprisonment in the county jail for not more than five days[.]
In so holding, the Law Division judge followed State v. Duva, 192 N.J. Super. 418, 421-422, 470 A.2d 53 (Law.Div. 1983), which construed the pertinent language to mean that imprisonment in the county jail is mandatory.
Defendant asks us not to follow Duva. He reminds us that the statute, being penal in nature, must be strictly construed, and hence the term "shall be subject to" should be interpreted to mean that imposition of a custodial term is discretionary. We do not agree.
Even if a statute is penal in nature, all rules of construction are subordinate to the interpretive goal of ascertaining the intent of the Legislature. State v. Tischio, 107 N.J. 504, 511, 527 A.2d 388, app. dis. 484 U.S. 1038, 108 S.Ct. 768, 98 L.Ed.2d 855 (1988). In that quest, we must consider the policy behind the statute, concepts of reasonableness and legislative history. Coletti v. Union Cty. Bd. of Freeholders, 217 N.J. Super. 31, 35, 524 A.2d 1270 (App.Div. 1987).
Prior to L. 1982, c. 45, N.J.S.A. 39:3-40 provided for a fine of not less than $200 nor more than $1,000 or imprisonment in the county jail for not more than six months, or both. The statute made no distinction among first, second or third offenders. Thus, the court had discretion whether or not to impose a custodial term, even for second and third offenders.
*211 L. 1982, c. 45, substituted the present penal scheme which imposes penalties depending upon the status of the offender. The pertinent provisions are as follows:
A person violating this section shall be subject to the following penalties:
a. Upon conviction for a first offense, a fine of $500.00;
b. Upon conviction of a second offense, a fine of $750.00 and imprisonment in the county jail for not more than five days;
c. Upon conviction of a third offense, a fine of $1,000.00 and imprisonment in the county jail for 10 days;
d. Upon conviction, the court shall impose or extend a period of suspension not to exceed six months;
e. Upon conviction, the court shall impose a period of imprisonment for not less than 45 days, if while operating a vehicle in violation of this section a person is involved in an accident resulting in personal injury to another person. [N.J.S.A. 39:3-40].
Thus, the present statute provides for a fine for a first offense, but upon conviction for a second offense, the violator "shall be subject to ... a fine of $750.00 and imprisonment in the county jail for not more than five days[.]" [Emphasis added]. In our view, by so mandating, the Legislature intended to divest the sentencing court of its discretion as to whether or not a custodial term should be imposed. Duva so held, and we agree. We note, for example, that N.J.S.A. 39:3-40b, in using the conjunctive "and," should be compared with other provisions of Title 39 which call for a fine or imprisonment in the county jail for not more than a specific term. See N.J.S.A. 39:4-96 (reckless driving second offender "shall be punished by imprisonment for not more than 3 months, or by fine of not less than $100.00 or more than $500.00, or both."). (Emphasis added).
This interpretation is supported by legislative history. According to the Senate Law, Public Safety and Defense Committee Statement, Senate, No. 904  L. 1982, c. 45, the bill "increases the general penalties for the offense of driving" while revoked. The Statement also declares:
For a first offense, the penalty would be a $500.00 fine and a suspension of license for up to 6 months; for a second offense, a $750.00 fine, a jail sentence of up to 5 days, and a mandatory suspension of license for up to 6 months; for a third offense, a $1,000.00 fine, a jail sentence of up to 10 days, and a *212 mandatory suspension for up to 6 months. [See Senate Statement L. 1982, c. 45 following N.J.S.A. 39:3-10; emphasis added].
The statement clearly states that a fine and jail sentence shall be imposed for a second offense.
We cannot accept defendant's argument that the language "subject to" was intended to make a custodial term discretionary. Black's Law Dictionary 1278 (5th ed. 1979) defines the term "subject to" as being "[l]iable, ... answerable for." Hence, the language "shall be subject to ... imprisonment in the county jail for not more than 5 days," N.J.S.A. 39:3-40b, can be read as meaning "shall be [`liable to' or `answerable for'] imprisonment in the county jail for not more than 5 days[.]" As the Law Division observed in Duva, to accept the argument that the words "be subject to" intends to vest discretion in the sentencing court makes the phrase "shall be subject to imprisonment" the functional equivalent of "may be imprisoned for." This result would render the mandatory character of the word "shall" nugatory. See 192 N.J. Super. at 421, 470 A.2d 53. If the Legislature intended that a violator "may be imprisoned up to 5 days" for a second offense, it would have so stated.
In support of his argument, defendant also points to N.J.S.A. 39:3-40e which provides that the court "shall impose a period of imprisonment for not less than 45 days" if the person drives while on the revoked list and is involved in an accident resulting in personal injury to another person. [Emphasis added]. See also N.J.S.A. 39:4-50(a)(2) (a second drunk driving offender "shall be sentenced to imprisonment for a term of not less than 48 consecutive hours ..."). Defendant contrasts the mandatory language of N.J.S.A. 39:3-40e with the term "subject to" used in N.J.S.A. 39:3-40b, and suggests that the Legislature, in using "subject to," must have intended something less than mandatory jail terms for second offenders.
Defendant ignores the fact that subparagraph e. is also prefaced with the same "shall be subject to" language that prefaces subparagraph b., and therefore can be read to mean "subject to ... a period of imprisonment for not less than 45 *213 days[.]" Clearly, the Legislature did not intend to make the 45-day term discretionary. See Senate Law, Public Safety & Defense Committee Statement, Senate, No. 1207  L. 1986, c. 38 (45-day jail term "will be imposed" when accident results in personal injury by another).
Finally, we note that since Duva's holding, which we here follow, the Legislature has amended N.J.S.A. 39:3-40e, making it clear that the 45 days of imprisonment shall be imposed only when an accident results in personal injury to someone other than the driver. See L. 1986, c. 38. We must assume that the Legislature was aware of the Duva holding when it amended subparagraph e. in 1986. See Quaremba v. Allan, 67 N.J. 1, 14, 334 A.2d 321 (1975). Its failure also to amend subparagraph b., in light of Duva, may be evidence that Duva's construction is in accord with the legislative intent. See In re Keogh-Dwyer, 45 N.J. 117, 120, 211 A.2d 778 (1965); but see Masse v. Public Employees Retirem. Sys., 87 N.J. 252, 264, 432 A.2d 1339 (inaction demonstrates nothing more than that subsequent legislatures failed to act); and see Giardina v. Bennett, 111 N.J. 412, 426, 545 A.2d 139 (1988).
Affirmed.
NOTES
[1] Defendant was found not guilty of driving while under the influence in the municipal court. N.J.S.A. 39:4-50.